Calixto Lopez et al., Respondents, *v.* Frank Campbell et al., Appellants, Impleaded with Others.

1. Appeal — Power of Appellate Division to Reverse without Granting New Trial. The Appellate Division has no power to reverse the judgment of a trial court without awarding a new trial, unless the facts are conceded or undisputed or established by official record or found by the trial court, or it appears that no possible state of proof applicable to the issue could entitle a party to a judgment.

2. Stock Corporation Law, § 48, Construed — Judgment by Default against an Insolvent Corporation. The purpose of section 48 of the Stock Corporation Law (L. 1890, ch. 564; amd , L. 1892,

chs. 2, 337, 688), which in effect provides that when a corporation is insolvent, or its insolvency is imminent, no judgment shall be valid which is suffered by any of its officers or stockholders with the intent of giving a preference to any particular creditor over other creditors, is to prevent any improper act or omission on the part of a corporation or its officers which would result in securing to a particular creditor a preference over its other creditors; but where a creditor has a just claim to which the corporation has no defense, and he adopts the ordinary process and procedure of the court to enforce it, which results in a judgment by default, it cannot be properly held to be within the condemnation of the statute, unless the corporation or its officers were guilty of some act besides mere non-resistance to the creditor's efforts to obtain the judgment.

3. EVIDENCE — PROOF OF WRONGFUL ACT OF INSOLVENT CORPORATION. In determining the question whether an insolvent corporation, or its officers, with the intent of giving a preference to a creditor, performed any act which enabled him to obtain a judgment, where the evidence is capable of an interpretation in which the absence of a wrongful act is equally consistent with the presence of such act, that meaning must be ascribed thereto which accords with its absence, since a wrongful act can only be established by proof of such circumstances as are irreconcilable with any other theory than that the act was done.

4. EXECUTIONS — VALID LIEN ON TANGIBLE PERSONAL PROPERTY — EFFECT OF SETTING ASIDE OTHER LIENS ON SAME PROPERTY. When a creditor obtains a lien by virtue of his execution upon tangible personal property of an insolvent corporation, upon which other levies have been made upon judgments of other creditors, his lien is not destroyed or subordinated to that of a subsequent execution or attachment creditor who procures such other judgments to be set aside; since a creditor is entitled to a preference acquired in the ordinary course of legal procedure, notwithstanding the insolvency of the corporation.

5. RETURNS SET ASIDE FOR MISTAKE. *It seems*, that executions cannot be deemed to have been returned unsatisfied without any evidence of that fact except that returns originally made thereon have been erased under order of the court because made through a mistake, and the court has power to set aside such returns *nunc pro tunc* as of the date when made.

*Lopez* v. *Mer. & F. Nat. Bank*, 18 App. Div. 427, reversed.

(Argued April 25. 1900; decided June 5, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 14, 1897, affirming in part and reversing in part a judgment entered upon a decision of the court at an Equity Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John F. Parkhurst* for appellants. It was error to reverse the nonsuit as to appellant Campbell. (L. 1892, ch. 688, § 48; L. 1890, ch. 564, § 48; L. 1882, ch. 409, § 187; 1 R. S. 591, § 9; 2 R. S. 137, § 1; 1 R. S. 766, §§ 20, 21; *Spellman* v. *Looschen,* 31 App. Div. 94; *Matter of M. & H. P. Co.,* 12 App. Div. 492.) Where a corporation merely fails to put in a defense to a just debt, it is not to be inferred from that fact alone that the judgment was suffered with intent to give a preference, and the judgment thus entered is not invalid. (*Olney* v. *Baird,* 7 App. Div. 95; *Milbank* v. *de Riesthal,* 82 Hun, 537; *Ridgway* v. *Symons,* 38 N. Y. S. R. 895; *Rossman* v. *Seaver,* 41 App. Div. 603; *Wilson* v. *City Bank,* 17 Wall. 473; *Nat. Bank* v. *Warren,* 96 U. S. 539; *F. Nat. Bank* v. *Jones,* 21 Wall. 325; *Varnum* v. *Hart,* 119 N. Y. 101; *Kingsley* v. *F. Nat. Bank,* 31 Hun, 329; *Nat. B. Bank* v. *W. M. Co.,* 59 Hun, 470.) The Appellate Division reversed Campbell's nonsuit upon assumed facts as to which there was no evidence whatever, and upon evidence which was not received as against him and would have been incompetent. He is entitled to have the validity of his judgment tried upon its merits, irrespective of his co-defendants. (*Ill. Watch Co.* v. *Payne,* 11 N. Y. S. R. 3.) It was error to direct the plaintiffs to be paid before Campbell out of the proceeds of the executions. When a creditor with a valid judgment obtains a lien upon the property of his debtor, he should not be deprived of it without some fault on his part. (*Benson* v. *Berry,* 55 Barb. 620; Hermann on Exec. 271, 280; *Scouton* v. *Bender,* 3 How. Pr. 188; Bump on Fraud. Conv. 509; *White's Bank* v. *Farthing,* 101 N. Y. 344; Code Civ. Pro. §§ 1406, 1407; *Gillig* v. *Treadwell Co.,* 148 N. Y. 180; *Pach* v. *Gilbert,* 124 N. Y. 60; Pom. Eq. Juris. § 678; *Matter of G. L. Co.,* 7 App. Div. 550.)

*David Hays* for respondents. The Appellate Division was justified in reversing the judgment of the trial court dismissing the complaint as to Campbell and Rowe. Their judg-

ments were invalid under section 48 of the Stock Corporation Law. (*Third Nat. Bank* v. *Elliott*, 42 Hun, 121; *L. Mfg. Co.* v. *Queen City Co.*, 94 Miss. 290; *Wilson* v. *City Bank*, 17 Wall. 473; *Olney* v. *Baird*, 7 App. Div. 95; *Baker* v. *Emerson*, 4 App. Div. 348; *Spellman* v. *Looschen*, 162 N. Y. 268; *Atkinson* v. *R. P. Co.*, 114 N. Y. 168; *Varnum* v. *Hart*, 119 N. Y. 101.) The Cohocton Company having been insolvent, and the Appellate Division having unanimously found that the judgments in favor of Campbell and Rowe were suffered with the intent to prefer them, there is no question of fact to be considered here. (*Bini* v. *Smith*, 161 N. Y. 120; *Hilton* v. *Ernst*, 161 N. Y. 226.) Assuming that Campbell's judgment was valid the plaintiffs are, nevertheless, entitled to recover from the Dansville and Buffalo banks so much of the amount applicable upon their executions as may be necessary to satisfy the plaintiffs' claim. (Hermann on Exec. §§ 62, 185; *Stewart* v. *Stocker*, 13 S. & R. 189; *Cudahy* v. *Rhinehart*, 133 N. Y. 248; *Robertson* v. *Lawton*, 91 Hun, 67; Smith Eq. Rem. of Cred. § 236; *Steifel* v. *Berlin*, 28 App. Div. 103; *McCalmont* v. *Lawrence*, 1 Blatchf. 232.)

MARTIN, J. This action was brought by the plaintiffs as attaching creditors of the Cohocton Valley Cigar Company to set aside certain judgments obtained by the defendants against the corporation, upon the ground that they were suffered in violation of the provisions of section 48 of the Stock Corporation Law.

The Cohocton Valley Cigar Company was a corporation engaged in manufacturing cigars in the village of Cohocton, N. Y. The defendant banks and the defendants Campbell and Rowe were judgment creditors of that company. It had been doing a prosperous business until August, 1893, but owing to losses amounting to $30,000 or more, it, as early as January, 1894, became insolvent. On November 28, 1894, three judgments were recovered against it; one by Rowe for $416.92; another by the Merchants and Farmers' Bank for $5,139.47; and still another by the Manufacturers and

Traders' Bank for $7,850.85. Two days later the Merchants and Farmers' Bank recovered another judgment for $321.57, and Campbell recovered two judgments amounting to about the sum of $8,000. All these judgments were regularly taken by default. Upon their entry, executions were immediately issued and delivered to the proper sheriff, who levied upon all the tangible personal property of the company, and advertised it to be sold on December 6, 1894. On the third of that month the plaintiffs commenced an action against the Cohocton corporation, in which an attachment was issued and delivered to the same officer on the next day. The property thus levied upon was sold for about $5,000, $3,500 of which remains in the hands of the sheriff to abide the result of this action.

The Special Term dismissed the complaint as to Campbell and Rowe, in effect holding that their judgments were not suffered with an intent to give them preference over the other creditors of the corporation. It, however, set aside the judgments obtained by the banks, upon the ground that they were thus suffered and consequently invalid. It also directed that out of the fund in the hands of the sheriff the plaintiffs should be paid the amount of their judgment.

The plaintiffs appealed to the Appellate Division from that part of the judgment which dismissed the complaint as to Campbell and Rowe, and the latter appealed from so much of the judgment as directed payment of the plaintiffs' judgment out of the moneys in the sheriff's hands. The banks appealed from the entire judgment, but before argument abandoned their appeal. The Appellate Division dismissed the appeal of the banks, reversed the judgment of the trial court in favor of Campbell and Rowe without awarding a new trial, and affirmed the remainder of the judgment. From the judgment entered upon that decision Campbell and Rowe have appealed to this court. Thus the question presented here is the correctness of the decision in reversing the judgment of the Special Term in favor of the appellants, and in affirming the direction of the trial court to pay the plaintiffs' judgment out of the fund in the sheriff's hands.

The appellants now contend : 1. That the Appellate Division erred in affirming that portion of the decision which directed the sheriff to pay the plaintiffs' judgment ; 2, that the evidence was insufficient to justify the reversal as to them ; and, 3, that, even if sufficient, the court had no right to reverse the judgment as to them without awarding a new trial. It is obvious that the last contention must be sustained, as the Appellate Division had no authority to hold the appellants' judgments invalid, without their having an opportunity to litigate the question of their validity. We have had occasion recently to examine the power of that court to determine facts which are not conclusively established or found by the trial court and to direct a judgment thereon. (*In re Chapman*, 162 N. Y. 456 ; *Benedict* v. *Arnoux*, 154 N. Y. 715, 724.) In those cases we held that upon reversal the court must grant a new trial and cannot properly render a final judgment unless the facts are conceded or undisputed, or established by official record, or found by the trial court, or it appears that no possible state of proof applicable to the issue could entitle a party to a judgment, and that this rule applies to suits in equity as well as to actions at law. In the *Benedict* case it was said : " It is one of the fundamental principles of our law that questions of fact are to be tried and determined in a court of original jurisdiction, and it is not the appropriate function of an appellate court to determine controverted questions of fact and render final judgment upon such determination." The principle of those cases is decisive of this question, and requires us to hold that the Appellate Division had no power to reverse the judgment as to the appellants without awarding a new trial.

But the broader and more important inquiry is whether that court was justified in reversing the judgment as to the appellants. If the evidence is insufficient to show that their judgments were suffered by the corporation with intent of giving them a preference over other creditors, then it had no authority to reverse that portion of the judgment which was in the appellants' favor. The statute, so far as it is applicable

to this case, may be thus paraphrased : When a corporation is insolvent or its insolvency is imminent, no judgment shall be valid which is suffered by any of its officers, directors or stockholders with the intent of giving a preference to any particular creditor over other creditors. It is manifest that the purpose of this section was not to prevent the honest creditors of a corporation from enforcing their debts by action. (*Varnum* v. *Hart*, 119 N. Y. 101; *Throop* v. *H. L. Co.*, 125 N. Y. 530, 534.) In the case last cited Judge Andrews said : " We have recently held in *Varnum* v. *Hart* (119 N. Y. 101) that the statute does not restrain one whose relation to the corporation is that of a creditor merely from availing himself of legal proceedings for the collection of his debt, and that he is entitled to a preference acquired in ordinary course of legal procedure, notwithstanding the insolvency of the corporation." (See *French* v. *Andrews*, 145 N. Y. 441, and *Jefferson County Bank* v. *Townley*, 159 N. Y. 490.) Although the statute has been recently amended, yet the rights of creditors, in that respect, remain the same. Obviously, the purpose of this statute was to prevent any improper act or omission on the part of a corporation or its officers which would result in securing to a particular creditor a preference over its other creditors. If the corporation or its officers performed any act by which a creditor was enabled to obtain a judgment to which he was not entitled, or omitted to interpose any legal defense it had to his claim, and thus suffered an improper judgment against the corporation, the judgment so suffered would be invalid. But where a creditor has a just claim to which the corporation has no defense, and he adopts the ordinary process and procedure of the court to enforce it, which results in a judgment by default, it cannot be properly held to be within the condemnation of the statute. In *Wilson* v. *City Bank* (17 Wall. 473, 484), where a similar question arose under the Bankrupt Act, it was said : " There was nothing morally wrong in their (the insolvents) course in this matter They were sued for a just debt. They had no defense to it and they made none. To have made an effort by dila-

tory or false pleas to delay a judgment in the state court would have been a moral wrong and a fraud upon the due administration of the law. There was no obligation on them to do this, either in law or in ethics." The mere non-resistance of a debtor to judicial proceedings in which a judgment was rendered against him when the debt was due, and there was no valid defense to it, is not the suffering and giving a preference under the Bankrupt Act. (*National Bank* v. *Warren*, 96 U. S. 539.) The principle of the foregoing decisions is applicable to the facts in this case, and unless the corporation or its officers were guilty of some act besides the mere non-resistance to the appellants' efforts to obtain their judgments, their acts did not amount to the suffering of a judgment within the meaning of section 48.

Hence, the question presented is whether the corporation or its officers performed any act which enabled the appellants to obtain judgments when they were not entitled to them, or omitted to interpose any valid defense which the corporation had. That the corporation had any valid defense to the debts upon which these judgments were rendered, is not even pretended. Therefore, the only point presented upon this branch of the case is whether there was any evidence to justify the conclusion that the corporation or its officers, with the intent of giving a preference to the appellants, performed any act which enabled them to obtain their judgments. Obviously the trial court found none, as it dismissed the complaint as to them. A careful and critical examination of the record fails to disclose sufficient proof of any such act. There is no direct evidence showing it, nor were the circumstances sufficient to justify the court in finding it. While a material fact may be established by circumstantial evidence, still, to do so the circumstances must be such as to fairly and reasonably lead to the conclusion sought to be established, and to fairly and reasonably exclude any other hypothesis. Where the evidence is capable of an interpretation which makes it equally consistent with the absence as with the presence of a wrongful act, that meaning must be ascribed to it which accords with its

absence.   In other words, it can only be established by proof
of such circumstances as are irreconcilable with any other the-
ory than that the act was done.   As has been said : " Insuf-
ficient evidence is, in the eye of the law, no evidence." (*Jew-
ell* v. *Parr*, 13 C. B. 916 ; *Pollock* v. *Pollock*, 71 N. Y. 137,
153 ; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90 ;
*Morris* v. *Talcott*, 96 N. Y. 100 ; *Beard* v. *Mayor, etc.*, 96
N. Y. 567 ; *Constant* v. *University of Rochester*, 133 N. Y.
640 ; *Shultz* v. *Hoagland*, 85 N. Y. 464.)

When the evidence in this case is tested by these principles
it is wholly insufficient to establish any act upon the part of
the corporation or its officers which would bring these judg-
ments within the condemnation of the statute.   The most that
can be properly said of the evidence is that it might have jus-
tified the court in suspecting that some such act had been per-
formed.   But a mere conjecture or surmise was not sufficient
to authorize a finding to that effect, either by the Special Term
or Appellate Division.   (*Laidlaw* v. *Sage*, 158 N. Y. 73, 94.)
These considerations lead us to the conclusion that the evidence
was insufficient to have justified the Special Term in finding,
or to justify the Appellate Division in holding, that the judg-
ments of the appellants were invalid because obtained in con-
travention of the statute.   Therefore, in the further discussion
of this case, the appellants' judgments must be treated as valid.

Another question presented relates to the affirmance of that
portion of the judgment which directed the sheriff to pay the
plaintiffs out of the funds arising from the sale of the personal
property of the corporation under the executions in his hands.
As the appellants' judgments were valid the executions issued
thereon were likewise valid, and by virtue of them they
obtained a lien upon the personal property sold as of the time
when they were delivered to the officer.   (Code Civ. Pro.
§§ 1406, 1407.)   Therefore, the liens of their executions were
prior and superior to the lien of the plaintiffs' attachment,
and should have been directed to be first paid.   This is con-
ceded in the respondents' brief, unless the plaintiffs acquired
some added right by reason of their having brought this

action and procured the judgments of the banks to be set aside, or unless the appellants' liens have been released or destroyed. Did the plaintiffs acquire any superior right by reason of their having brought this action? It is to be remembered that the property sold was the tangible personal property of the judgment debtor, and that by virtue of their executions the appellants had a legal lien thereon, which was prior and superior to any lien of the plaintiffs by attachment, judgment or execution. We know of no principle upon which it can be properly held that the plaintiffs' judgment setting aside the judgments of the banks in any way interfered with the priority of the appellants' liens. While, if the property had been intangible assets of the debtor, the rule would have been as claimed by the plaintiffs, yet, where a creditor obtains a lien by virtue of his execution upon the tangible personal property of his debtor, it is not destroyed or subordinated to that of a subsequent execution or attachment creditor who procures the former judgments or transfers to be set aside. When the banks' judgments were declared invalid the property or its proceeds was in the hands of the sheriff subject to the liens of the execution creditors, and their priority was controlled by the time when their executions were delivered to the officer. The appellants' liens being prior and superior to the plaintiffs', they still retained their priority, although the judgments of the banks were set aside. The principle is well established that where tangible personal property has been levied upon by execution prior to the commencement of an action or proceeding in the nature of a creditor's bill to set aside transfers or judgments, the property is to be regarded as that of a judgment debtor; and, where there was a prior valid levy or lien, it is superior to any subsequent lien of the creditor who instituted such action or proceeding. A creditor is entitled to the preference acquired in the ordinary course of legal procedure, notwithstanding the insolvency of the corporation. (*Becker* v. *Torrance*, 31 N. Y. 631; *Innes* v. *Lansing*, 7 Paige, 583; *Van Alstyne* v. *Cook*, 25 N. Y. 489; *Davenport* v. *Kelly*, 42 N. Y. 199.

See, also, *Maass* v. *Falk*, 146 N. Y. 34; *Central National Bank* v. *Seligman*, 138 N. Y. 435; *Abegg* v. *Bishop*, 142 N. Y. 286.) Therefore, it follows that the judgment of the trial court, so far as it directed the payment of the plaintiffs' claim out of the proceeds in the hands of the sheriff in preference to the lien of the Campbell and Rowe executions, was erroneous and in this respect should be reversed.

We think there is no force in the respondents' contention that the judgments of the banks were set aside only as to the plaintiffs, and, therefore, they obtained a right superior to that of the other execution creditors. As we have already seen, the plaintiffs have secured no advantage by reason of their action over the other judgment and execution creditors, but were relegated to their lien by virtue of their attachment or execution on their judgments. The judgments of the banks were set aside because they were held to have been suffered in contravention of the provisions of section forty-eight. If they were invalid for that cause, they were invalid as to all the creditors of the corporation, and when set aside, the liens of the other execution creditors attached and existed according to their legal priority.

But it is claimed by the respondents that the executions issued upon the Campbell judgments were returned *nulla bona*, and that he thereby lost the lien under his judgments and executions. There is, however, no evidence in the record that they were thus returned. It is true it shows that the executions upon the Campbell judgments and returns thereon were marked for identification, but not received in evidence. To obviate that difficulty the respondents offered the executions with the returns thereon upon the argument and asked that they be considered in determining this case. When these executions are examined we find that the return of the sheriff is erased, so that the executions as offered contain no return whatsoever. Under the circumstances we think they should not be received. Yet, if received, they would not justify this court in holding that they were returned unsatisfied. This is rendered more obvious when we find that the returns upon

the executions were made through a mistake of a deputy sheriff, and that subsequently an application was made to set them aside, which was granted by the court, and the returns were set aside *nunc pro tunc* as of the date when made. That the court possessed the power to grant such an order seems to be established by the decisions of this court. (*Barker* v. *Binninger*, 14 N. Y. 270; *People* v. *Ames*, 35 N. Y. 484; *James* v. *Gurley*, 48 N. Y. 163.) Therefore, the executions upon the Campbell judgments are valid, and under them he obtained a lien upon the money in the sheriff's hands which was superior to that of the plaintiffs.

It follows that the judgment of the Appellate Division should be reversed and that of the Special Term modified by striking out the provision that the plaintiffs' judgment should be paid out of the fund in the sheriff's hands, and by providing in lieu thereof that the money obtained upon the sheriff's sale be applied upon and in payment of the executions in his hands, other than those of the banks, in the order in which they were delivered to him, and as so modified that the judgment of the Special Term should be affirmed, with costs to the appellants in all the courts.

Parker, Ch. J., O'Brien, Bartlett, Haight, Vann and Landon, JJ., concur.

Judgment reversed, etc.