### KIND v. BACON.

(Supreme Court, Appellate Term. April 16, 1901.)

1. EVIDENCE—SUFFICIENCY—DIRECTION OF VERDICT—ASSIGNMENT OF CLAIM.
     Where defendant claimed that plaintiff had assigned his claim, and that the assignee had brought action thereon, which was still pending, and produced an order of court, entered on a motion to which plaintiff was a party, containing a recital of the assignment, and exhibited in evidence a letter by plaintiff's attorney which referred to the assignment,

testimony by plaintiff and one of his attorneys, denying the assignment, was insufficient to justify the direction of a verdict for plaintiff.

2. SAME—PENDENCY OF ANOTHER ACTION—DISMISSAL.

Where defendant claimed that plaintiff had assigned his claim, and that assignee had brought action thereon, which was still pending, the determination, as a matter of law, that another action was pending did not preclude plaintiff from proving as a fact that he had not assigned his claim, and hence his action should not be dismissed merely on a holding that the party alleged to be plaintiff's assignee had brought another action, which was still pending.

Appeal from city court of New York, general term.

Action by Emanuel Kind against Alexander S. Bacon. From a judgment of the general term of the city court of New York (67 N. Y. Supp. 960), reversing a judgment of the trial term in favor of plaintiff, he appeals. Modified.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Menken Bros., for appellant.
Nichols & Bacon, for respondent.

BISCHOFF, P. J. The action was founded upon a Lloyd's policy of fire insurance, the defendant's liability as an underwriter being fixed by judgment first obtained, in accordance with the policy, against the attorneys in fact. The main defense was that the plaintiff had assigned the judgment obtained against the attorneys in fact to one Cuff, who had brought an action upon the same claim against this defendant, and that the action was still pending. In support of this defense, evidence was produced in the form of a recital of the assignment by the plaintiff to Cuff, contained in an order of the supreme court entitled in the plaintiff's action against the attorneys in fact, which order was entered on a motion to which the plaintiff was a party. Further evidence was afforded by a letter written by the plaintiff's attorneys, in which the existence of the assignment to Cuff was directly referred to. With this evidence in the case, we have no doubt that the testimony given by the plaintiff and by one of his attorneys in denial of the assignment was quite insufficient to justify the direction of a verdict for the plaintiff against the request of the defendant that this issue be submitted to the jury. Both these witnesses were interested in the result of the case, and it was therefore a question for the jury whether their testimony should be accepted (Kavanagh v. Wilson, 70 N. Y. 179), as against the prima facie evidence given in support of the affirmative defense.

Whether or not the action against Cuff had been legally discontinued, there was certainly an issue upon the allegation that the plaintiff was not the real party in interest, and upon this issue the facts relating to the assignment should have been left to the jury, as requested. We agree with the learned general term that the direction of a verdict was erroneous, but we cannot hold that the record afforded ground for the absolute dismissal of the complaint by that court. If, as appears to have been held, the action by Cuff was to be viewed as still pending, as a matter of law this did not conclude the issue of fact, as to the assignment to Cuff, against the plaintiff,

and in no aspect of the case can it be determined that the plaintiff must suffer defeat when his case is presented upon a new trial. Therefore the refusal to grant a new trial was erroneous, and the matter involves a question of power, which we may review. Lopez v. Campbell, 163 N. Y. 340, 57 N. E. 501.

Judgment and order modified so far as to direct a new trial, with costs of the appeal to this court to appellant to abide the event. All concur.