William Scharff, Respondent, *v.* John H. Jackson, Appellant.

**Master and servant — negligence — proximate cause — when evidence fails to show that accident was result of some cause for which defendant was responsible.**

1. A plaintiff in an action to recover for injuries caused by negligence must fail if the evidence does not show that the injury *was the result* of some cause for which the defendant is responsible.

2. Where plaintiff, who was injured by bags of cement falling upon him from a pile in a storehouse, while he was engaged in taking bags from such pile and loading them on a truck, claimed that the floor on which the bags were piled sagged because it was loaded too heavily and vibrated when a truckload of cement passed over it, thereby causing the bags to fall, he cannot recover if the accident may with equal reason be accounted for on any other theory, and where the evidence does not indicate how the bags that fell were piled nor how they fell or how many fell, the evidence is insufficient to sustain a verdict for plaintiff. It is not enough to show that the condition of the floor *might* have caused the bags to fall. The burden is upon the plaintiff to establish that such condition *did* contribute to cause the injury.

. *Scharff* v. *Jackson*, 161 App. Div. 906, reversed.

(Argued December 8, 1915; decided January 11, 1916.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 9, 1914, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover damages for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer.

The facts, so far as material, are stated in the opinion.

*Neile F. Towner* for appellant. There was no proof that the accident was due to the fact that the place was unsafe or to a defect in the ways, works, machinery or plant. (*Ruppert* v. *B. H. R. R. Co.,* 154 N. Y. 94;

*Lopez* v. *Campbell*, 163 N. Y. 347; *Hollander* v. *Hudson*, 152 App. Div. 133; *Van Note* v. *Cook*, 55 App. Div. 54; *O'Reilly* v. *B. H. R. R. Co.*, 82 App. Div. 493; *Clark* v. *Koeppel*, 119 App. Div. 461; *Lamb* v. *Union Ry. Co.*, 195 N. Y. 226; *Huff* v. *American Fire E. Co.*, 88 App. Div. 329; *Owen* v. *Retsof Mining Co.*, 102 App. Div. 135; *Condran* v. *Park & Tilford*, 213 N. Y. 348; *Paul* v. *Consolidated Fireworks Co.*, 212 N. Y. 117; *McDonough* v. *Reilly R. & S. Co.*, 47 Misc. Rep. 111.) The prosecution of the work created the danger and the defendant is not liable therefor. (*Citrone* v. *O'Rourke Engineering Co.*, 188 N. Y. 339; *Henry* v. *Hudson & Manhattan R. R. Co.*, 201 N. Y. 140; *Cacicatore* v. *Transit Construction Co.*, 147 App. Div. 676; *Stewart* v. *Hinckel Iron Co.*, 141 App. Div. 224; *Edgar* v. *Brooklyn Heights R. R. Co.*, 146 App. Div. 541; *Kearney* v. *Hanlien*, 149 App. Div. 524; *Brady* v. *Pennsylvania Steel Co.*, 138 App. Div. 233; *Page* v. *Naughton*, 63 App. Div. 377; *Rip* v. *Fuchs*, 129 App. Div. 321; *Togerto* v. *Central Building Co.*, 123 App. Div. 840.)

*Thomas Francis Woods* for respondent. Whether this case is considered under the common law or under the Employers' Liability Act, the place was an unsafe place and there were defects in the ways, works, machinery and plant. (*Ryan* v. *Cortland*, 133 App. Div. 467; *McGovern* v. *Central Vermont R. R. Co.*, 123 N. Y. 284; *Reilly* v. *Troy Brick Co.*, 184 N. Y. 399; *Brady* v. *City of New York*, 134 N. Y. Supp. 305; *Hackett* v. *Koehler*, 140 App. Div. 448; *Simone* v. *Kirk*, 173 N. Y. 7; *Foster* v. *Crooker*, 142 App. Div. 268; *Ryan* v. *Fowler*, 24 N. Y. 410; *Johnson* v. *Terry & Tench Co.*, 113 App. Div. 762; *Marchall* v. *Stewart*, 33 Eng. L. & Eq. 1.) It was clearly a question of fact for a jury whether the defects in the building; the dished and saucer-shaped surface of the floor; the cracked and bent timbers underneath it; the removal of from 10,000 to 15,000 pounds weight off

the floor; the weight of 1,500,000 pounds on the floor; and the moving of heavy weights from and over the surface of the floor by Kirchner caused the injuries to plaintiff. (*Reilly* v. *Troy Brick Co.*, 184 N. Y. 399; *Eastwood* v. *Retsoff Mining Co.*, 86 Hun, 91; 152 N. Y. 651; *Wazenski* v. *N. Y. C. R. R. Co.*, 180 N. Y. 466; *Ainsworth* v. *N. Y. Central R. R. Co.*, 208 N. Y. 621; *Galvin* v. *Mayor, etc.*, 112 N. Y. 223; *Weil* v. *D. D. & E. B. R. Co.*, 119 N. Y. 147; *Tinker* v. *N. Y., O. & W. R. Co.*, 71 Hun, 431; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Eastland* v. *Clarke*, 165 N. Y. 420· *Greener* v. *Gen. Elec. Co.*, 147 App. Div. 462.)

Pound, J. The accident occurred on February 16, 1911, when both of plaintiff's legs were broken by falling bags of cement. The complaint alleges acts of negligence at common law and under the Employers' Liability Act (Labor Law, amended by L. 1910, ch. 352), but the notice required to be served under section 201 of the Labor Law was not offered in evidence on the trial.

The questions are whether defendant was negligent in furnishing plaintiff with a safe place to work and whether plaintiff sustained injuries *by reason of* such negligence.

Defendant is a corporation. It conducts a storehouse in the city of Albany in which plaintiff was working at the time of the accident. The storehouse is a one-story building, consisting of one room 50x100 feet, with cellar beneath. At the time of the accident it was filled with bags of cement and barrels of lime, weighing one to one and one-half million pounds. Plaintiff's evidence establishes that the floor sagged from two to six inches, depending upon the weight placed upon it; that it vibrated when truckloads of cement and lime were moved over it; that it sprang up and down when heavy loads were put on or taken off. Plaintiff was working in the northeast corner of the room with a helper loading bags of cement on a truck from a pile of such bags ten bags high,

weighing about one hundred pounds each, and then plac-
ing them on wagons outside. Two wagons had been
loaded when the accident happened. Plaintiff and his
helper came back for another load, but before they touched
a bag the bags fell, causing the injury. At the time of
the accident one Kirchner was removing barrels of lime
on a handtruck some distance from the place of the
accident.

Although plaintiff gave evidence tending to show that
on previous occasions when the workmen were trucking
cement over the floor bags had fallen, there is a total
failure of proof that on these occasions, or on the occasion
when plaintiff was hurt, the bags fell *by reason of* the
condition of the floor. It does not appear that either the
sagging or the vibration of the floor caused the bags to
fall. At the time of the accident there was no move-
ment or shaking of the floor, except as the jury might
infer that Kirchner's operations with his truck seventy
feet or so away caused such vibration, but there is
nothing except the coincidence in time to suggest this.

The evidence does not indicate how the bags that fell
upon plaintiff were piled, nor how they fell, nor how
many fell. The fall may have been due to improper pil-
ing or the pile may have been rendered insecure by plain-
tiff and his helper when they got out the other bags of
cement.

Plaintiff cannot recover if the accident may, with
equal reason, be accounted for on another theory than
that the bags fell because the floor sagged when heavy
loads were piled on it and vibrated when heavy bodies
went over it. It is not enough to show that the con-
dition of the floor *might* have caused the bags to fall. The
burden is upon the plaintiff to establish that the condition
of the floor *did* cause the bags to fall. This fact, like any
other, may be shown by circumstantial evidence. The
plaintiff makes positive proof of the shaky floor and of
the accident. But is the inference that the condition of

the floor caused the accident the only one that can fairly and reasonably be drawn from these facts ? " The plaintiff must fail if the evidence does not show that the injury *was the result* of some cause for which the defendant is responsible." (*Ruppert* v. *Brooklyn Heights R. R. Co.,* 154 N. Y. 90, 95.)

In the case of *Wazenski* v. *N. Y. C. & H. R. R. R. Co.* (180 N. Y. 466, 469), cited by respondent, O'BRIEN, J., said: " There is really no other way, [than the way suggested by the plaintiff] that I can perceive, to account for the accident." In the case of *Reilly* v. *Troy Brick Co.* (184 N. Y. 399), also relied upon to sustain the verdict, a question arose as to defendant's negligence, but there was no dispute as to the *cause* of the accident.

Plaintiff must sustain a theory of cause and effect irreconcilable with any other theory than that his injuries were directly and proximately caused by reason of defendant's negligence. (*Lopez* v. *Campbell,* 163 N. Y. 340, 347.)

Without more definite evidence of the condition of the pile of bags of cement immediately before it fell and the manner of the fall, which shall negative the present possible inference that plaintiff himself left the pile insecure and top-heavy, so that it fell solely of its own weight, plaintiff fails to establish that defendant's negligence with regard to the condition of the floor was a contributing cause of his injuries.

The judgment should be reversed and a new trial ordered, costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and SEABURY, JJ., concur.

Judgment reversed, etc.