JOHN SCHMIDT, Respondent, v. LEONHARDT MICHEL BREW-ING COMPANY, Appellant.

**Master and servant — negligence — proximate cause of accident — when master not liable for injury to employee from fall of cases of beer piled in tiers on floor where he was working.**

In this action, brought by a servant to recover damages for injuries received through alleged negligence of the master, it appears that plaintiff, a driver of a delivery wagon for defendant, was injured by the falling of cases of beer which were piled in tiers along the driveway where he was engaged in counting the cases in the wagon which was being loaded by other employees. The evidence did not disclose that the manner in which the cases were piled, or an act of the employee in removing the cases, caused the falling. The claim of the plaintiff is that it was caused by a defective floor under the tiers of cases. There is no proof as to how or why the condition of the boards caused the section to fall. Applying the rule that a causal connection must be shown between the defect complained of and the injury sustained, the evidence is insufficient to constitute a cause of action.

*Schmidt* v. *Michel Brewing Co.*, 164 App. Div. 385, reversed.

(Argued May 3, 1917; decided July 11, 1917.)

APPEAL from a judgment, entered November 16, 1914, upon an order of the Appellate Division of the Supreme

Court in the second judicial department which reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and granting a new trial and reinstated said verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James B. Henny* and *Edward F. Lindsay* for appellant. There is no evidence in this case that any negligence on the part of the defendent was the proximate cause of the accident. (*Laidlaw* v. *Sage,* 158 N. Y. 73.)

*Wilson E. Tipple* for respondent. The finding of the jury is sustained by the evidence. (*Jerome* v. *Q. C. C. Co.,* 163 N. Y. 351; *Scarff* v. *Metcalf,* 107 N. Y. 211; *Stevens* v. *O'Neill,* 169 N. Y. 375; *Sweet* v. *Perkins,* 196 N. Y. 482; *Harrison* v. *N. Y. C. & H. R. R. R. Co.,* 195 N. Y. 86; *Noble* v. *N. Y. C. & H. R. R. R. Co.,* 46 N. Y. Supp. 645; 161 N. Y. 620; *N. Y. G. & I. Co.* v. *Gleason,* 78 N. Y. 503; *Stearns* v. *Field,* 90 N. Y. 640; *Gallagher* v. *Crooks,* 132 N. Y. 344.)

COLLIN, J. The action is, servant against master, to recover damages for the alleged negligence of the defendant. At the Trial Term the jury gave a verdict in favor of the plaintiff which the trial justice set aside. The Appellate Division, by a decision not unanimous, reinstated and directed judgment upon the verdict. We have decided that the verdict was without support in the evidence.

The facts most favorable to the plaintiff, as the jury might have found them, are: The plaintiff when injured was in the employ of the defendant, a domestic corporation, as a driver of one of its delivery wagons. The wagon had been placed, in order that it might be loaded with cases of bottled beer, in a driveway contiguous to a floor three or four inches above the surface of the driveway. Upon

the floor, from the driveway through the space of seven feet, were piled in tiers or rows about eight feet high cases of beer with the long sides parallel with the driveway. Each row consisted of seven sections of cases. The cases were a little less than two feet in length and the aggregate weight of those in each section was about four hundred and eighty pounds. The rows extended five feet beyond the rear of the wagon. While other employees of the defendant were loading the wagon the plaintiff arrived, placed himself a short distance behind the wagon and proceeded to count, pursuant to his duty, the cases then in the wagon. An employee engaged in loading took from the floor the last case in front of the rear section of the second row and was carrying it toward the wagon and such section fell toward the driveway and the plaintiff. Two cases fell against and upon him, causing the injuries complained of. The evidence did not disclose that the manner in which the cases were piled, or an act of the employee in removing the cases, caused the falling. The claim of the plaintiff has been and is that a defective floor under the tiers of cases caused it. The cases had been there about two days. The plaintiff for about two or three months before the accident had done the same work, under the same conditions, and no accident had happened. At a prior time some empty cases had fallen from a row. There was no proof that the condition of the floor caused their fall.

The floor was laid upon joists or timbers two feet apart. It was not level. In piling the cases wooden slips were put upon the floor underneath the cases to get them straight and level. Some of the boards of the floor were rotten and loose. They were not broken, but were loose. About four weeks before the accident the foreman of the proper department had reported to the defendant this condition of the floor and parts of it, other than where the cases were piled, were repaired.

The record is barren of evidence tending to show any

defect other than the loose and rotten boards of the floor. There is no proof as to how or why the condition of the boards caused the section to fall. It is inconceivable that the looseness of the boards from the joists caused it. The weight of the cases was upon the boards. They did not break, shake or move. The fact that they were not fastened to the joists does not reasonably permit an inference that such condition caused the falling. In two recent decisions we have declared that a causal connection must be shown between the defect and the injury. (*Scharff* v. *Jackson*, 216 N. Y. 598; *White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131.) The rule applied in those cases determines the evidence here insufficient to constitute a cause of action.

The judgment should be reversed, with costs in the Appellate Division and this court to abide the event, and the order of the Trial Term affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., dissents.

Judgment reversed, etc.