JESSIE B. INGERSOLL, as Administratrix, etc., of ROBERT H. INGERSOLL, Deceased, Respondent, v. LIBERTY BANK OF BUFFALO, Appellant.— Judgment and order reversed on the law, with costs, and complaint dismissed, with costs. Memorandum: Assuming that the stairway in question was defective and that the defect was due to the negligence of the defendant, there is no causal connection between the existence of the defect and the injury to the plaintiff's intestate shown in the record. (*Scharff* v. *Jackson*, 216 N. Y. 598; *White* v. *Lehigh Valley R. R. Co.*, 220 id. 131; *Lane* v. *City of Buffalo*, 232 App. Div. 334.) The exclamation of the plaintiff's intestate clearly referred to the condition of his body in the region of his heart and was admissible solely because it did refer to such physical condition. It, therefore, has no probative value as to the cause of his injury. All concur. (The judgment awards damages for death of plaintiff's intestate caused by falling on a defective stairway. The order denies a motion for a new trial.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

HOWARD WOOD, Respondent, v. FORD GARAGE COMPANY, INCORPORATED, and ARTHUR NEAULT, Appellants.— Order so far as appealed from affirmed, with ten dollars costs and disbursements. All concur. (The portion of the order appealed from grants a motion to strike out certain defenses in the answer in a negligence action.) Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

In the Matter of the Estate of CHARLES BAKER, Deceased.— Motion granted amending order of June 30, 1937 [*ante*, p. 38], *nunc pro tunc*, so as to provide that the costs are payable out of the estate. Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

## (November 17, 1937.)

HELENA LAVAYEA, Respondent, v. CITY OF BUFFALO, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs, on the ground that even though the existence of the defect in the pavement was sufficient to make out a *prima facie* case of negligence against the defendant, there is no evidence of a causal connection between the existence of this defect and the accident which caused the plaintiff's injury. All concur, Edgcomb, J., also on the further ground that the defect in the pavement was not sufficient to constitute by its existence a *prima facie* case of negligence (See *Stakel* v. *City of Batavia*, 260 N. Y. 628, and *Boyne* v. *City of Buffalo*, 269 id. 657), except Sears, P. J., and Crosby, J., who dissent and vote for affirmance. (The judgment awards damages for injuries sustained by falling on sidewalk.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Taylor, JJ.

MATT LAVAYEA, Respondent, v. CITY OF BUFFALO, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Edgcomb, Crosby, Lewis and Taylor, JJ.