THIRD DEPARTMENT, MAY, 1940.

(May 1, 1940.)

PEARL WARNER, Respondent, v. NEW YORK TELEPHONE COMPANY, Appellant.

Hill, P. J., Bliss and Heffernan, JJ., concur; Crapser, J., dissents, with an opinion, in which Foster, J., concurs.

CRAPSER, J. (dissenting). This action was brought to recover damages on account of injuries alleged to have been received by the plaintiff while walking along the north side of Eastern Parkway in the city of Schenectady and stumbling over a flagstone about thirty-five feet west of Dean street which flagstone was elevated above the flagstone from which the plaintiff was stepping, on the ground that the flagstone had been elevated by the action of a telephone pole standing between this flagstone and the curb on the south.

The plaintiff alleges that the defendant was negligent and careless in installing said pole and maintaining or permitting it to be maintained in such a manner that it caused the sidewalk to separate, spread apart, and a portion thereof to settle and another portion thereof to raise, thereby causing a deep and dangerous hole and depression to extend across the entire width of the same and failing to repair said sidewalk.

The defendant was organized under the Transportation Corporations Law of the State of New York and at the time of the accident had one of its poles standing on the north side of Eastern Parkway about thirty-five feet west of the intersection with Dean street in the city of Schenectady, close to the curb and opposite a house standing on a terrace, about five feet above the street level, which was owned by a man by the name of Pugh. The defendant had placed a pole in this spot in 1908, which pole had been replaced by it in 1924. At this time there was no sidewalk but a sidewalk was laid of concrete flags in 1928. The soil under this sidewalk was clay and wet and mushy. When the snow melted in the spring or in case of heavy rains, the runoff water ran down the terrace and under the walk. In the winter the wet clay soil would freeze and then heave with the frost in the spring.

The flagstones were uneven from Dean street westerly for a distance of about two hundred feet to the property owned by Mrs. Stern. In the summer of 1935 the flagstone between this pole and the terrace leading up to Pugh's house was elevated above the stone immediately east of it. It was elevated somewhere between two and four inches higher, the highest point being next to the pole.

The plaintiff was walking westerly along Eastern Parkway at seven o'clock in the evening of August 14, 1935, she had crossed Dean street and had stepped up on the sidewalk and while walking along Eastern Parkway she was looking to find a cross street which intersected Eastern Parkway on the opposite side. She saw a friend across the street and looked at her while walking along the surface

of the sidewalk. She struck the forepart of her foot against the edge of the elevated flagstone and fell. She did not catch her foot in anything that held it, she merely struck her foot against the elevation and sustained injuries to her hand and knee. She later complained of severe pains in her neck, shoulder, back, chest and arms. Her symptoms were subjective.

She brought this action in 1938. It was brought against Pugh, who owned the land where the walk had been laid, The New York Power and Light Corporation and this defendant. The action against Pugh and the power and light corporation was discontinued.

At the trial there was put in evidence two photographs taken of the scene a few days after the accident. The photographs showed the pole and elevated flagstone and some electric light poles on the opposite side of the street and the columns supporting the porch roof of Pugh's house on the terrace.

The concrete next to the pole was cracked in several places for a distance of a foot from the pole. The walk and curbing between the pole and the road was not disturbed in any way.

From the photographs the pole appears to be almost perpendicular to the walk. If it leans at all it is towards the street.

There was evidence on the part of the defendant that the slight inclination of the pole did not differ at all from the average poles in the city. The pole had been removed in July of 1936 and when the piece of pole extending into the ground was pulled out it was very wet and mushy under the sidewalk and as soon as the pole had been pulled out the hole filled up with water, showing that the ground was saturated with water.

The plaintiff gave it as her judgment that the raise in the flagstone over which she fell was four inches. The defendant produced a witness who had measured it and who said that it was not over three inches. We have the direct evidence of the defendant's witness as compared to the estimate of the plaintiff.

From the photographs introduced by the plaintiff it appears that if this pole had pulled up the sidewalk it would have had to swing considerably out towards the roadway in order to exercise sufficient leverage to raise the concrete block four inches. Such a movement would certainly have moved out the curbing or disturbed or depressed it and if the pole had swung back to the position shown in the photograph it would have left a considerable hole. The photographs do not show any hole or do not show any injury to the curbing. There is no evidence that the pole ever swung back and forth or that it was ever in any other position than that shown in the photographs. There is no evidence in the case to show how far the pole was out of plumb if at all and there was no evidence offered to show how far the pole would have to incline towards the roadway in order to elevate the heavy four-inch concrete flagstone. There is an entire lack of evidence that the elevation of this flagstone was caused in any way by the action of this pole.

The only evidence in support of the charge that the defendant was responsible for the elevation of this flagstone consists of the two photographs, the testimony of the witnesses who examined the photographs and testified that the pole leaned slightly towards the roadway.

There is positive evidence that the entire sidewalk from Dean street down to Mrs. Stern's property was uneven, some of the flagstones being elevated and

others depressed with a variation of from a half inch to two inches or more. The sidewalk would heave with the frost.

When the plaintiff had closed her case the plaintiff had introduced the photographs, showing the elevation, and had described the fall, and had testified that the pole was inclined slightly towards the roadway. No proof had been offered to show how far the pole had to incline in order to break the flagstone or to raise the walk and cause the elevation. The matter was left to speculation and guess at the time the defendant made its motion at the end of the plaintiff's case for a dismissal. The plaintiff first testified that the pole leaned towards the terrace and then after examining the photograph said that it leaned towards the street slightly. The defendant's witnesses testified that it was practically straight.

The photographs show that the pole was only slightly out of an absolutely perpendicular position. The pole was there before the sidewalk, the sidewalk was laid around the pole in 1928 or 1929, and the concrete was laid right up to a paper placed around the pole. The defendant had nothing to do with the laying of the concrete which was laid upon soft spongy ground filled with water and practically up against the pole. It is not surprising, when there was a heaving of the sidewalk after a frost, that the sidewalk should become broken by actual contact with the pole. The defendant cannot be charged with negligence on account of that.

The jury was permitted to draw the inference from the appearance of the pole in the photographs that the elevation of this stone was due to the action of the pole. Evidence had been given that the sidewalk was broken by the action of the frost. The plaintiff did not establish a case of negligence against the defendant by such evidence. It is purely negative and the jury cannot draw inferences from facts or conditions which are not shown affirmatively to have been the cause of the alleged accident. This is especially true when there is evidence on the part of the defendant, positive and direct in character, that the cause was something entirely different and beyond the control of the defendant. Under such circumstances the plaintiff has failed to establish by proper evidence the negligence of the defendant and a verdict in her favor would be merely a guess on the part of the jury and should be set aside.

A plaintiff in an action to recover for injuries caused by negligence must fail if the evidence does not show that the injury was the result of some cause for which the defendant is responsible. The plaintiff cannot recover in this case if the accident may with equal reason be accounted for on another theory than that the pole raised the flagstone. From the evidence the theory of the heaving by the frost is stronger than the evidence that the pole caused the damage. (*Scharaff* v. *Jackson*, 216 N. Y. 598; *White* v. *Lehigh Valley R. R. Co.*, 220 id. 131.)

The evidence offered on behalf of the plaintiff herein was not sufficient to establish that the defendant's pole was responsible for the elevation of the sidewalk. It is a matter of conjecture and may be reasonably attributed to the heaving by the frost and the condition of the soil on which the walk was laid, for which no liability attaches to the defendant.

The judgment and order appealed from should be reversed on the law and facts and a new trial granted, with costs to abide the event.

Foster, J., concurs with Crapser, J.