Samuel W. Eager, J.
The plaintiff here was awarded a verdict of $18,000 against defendant (The New York Central Railroad) for personal injuries sustained when a tile sewer pipe, weighing over 100 pounds, rolled out of a railway freight car and struck him on the foot. Decision was reserved on defendant’s motion for a directed verdict and on its motion to set aside the verdict.
The plaintiff was employed by the consignee of a load of tile pipe contained in the car, and he and a fellow worker were opening the car door, preparatory to unloading it, when the accident occurred. The railroad company, sued here, had placed the car on the switch of the consignee at Mount Vernon, New York, and the action was tried on the theory that the company had been negligent in handling the car in switching operations, whereby the load of tile pipe became loosened and unstable with the result that the particular pipe rolled out the car door on its being opened.
It appears that the car in question, a freight car of the box car type, was loaded with the tile pipe by the shipper at Mogadore, Ohio, and sealed there. It was picked up there by another railroad company and carried by it to New London, Ohio, where it was transferred to the defendant for carriage and delivery to the consignee at Mount Vernon. The car remained sealed at all times, and was delivered to the consignee on its switch sealed and in good condition so far as could be ascertained by external examination of the car. The plaintiff broke the seal of the door of the car shortly prior to the accident, preparatory to unloading it.
Under the circumstances, the duties of the defendant company with respect to the load of tile pipe had solely to do with the *288 transportation thereof and manner of transportation. It owed no absolute duty to employees of the consignee to see to it that the load was safe for purposes of unloading. (Lewis v. New York Ontario & Western Ry. Co., 210 N. Y. 429.) If it was negligent in the manner of transportation, the burden was upon plaintiff to show that such negligence caused the accident.
The claim of negligence on part of defendant in the mishandling of the freight car rests solely upon testimony of plaintiff that, on the day before the accident, he saw this freight car or a similar car “ hit ” by an engine of the defendant in switching operations; that he heard a “ loud noise, loud bang ” and that the car swayed backwards and forwards and side to side. He gave some testimony which would support a finding that the car, which he said was ‘‘ hit ’ ’ by the engine, was the car containing the sewer pipe. There is, however, no direct evidence that these switching operations were the cause of the accident, but the plaintiff claims that an inference to such effect is justified by the proof.
Now, it is to be noted that there was no proof whatever as to the condition of the load at the time the car was sealed or at the time of its delivery to the defendant for transportation on the final leg of its journey. There was proof as to custom and manner of loading tile pipe of this nature, namely, proof that the pipe was loaded lengthwise with the car in tiers bound by metal straps or bands, with wooden gates placed at the end of the tiers. The custom was to leave a three-foot space at the location of the door of the freight car, so that the workers could get in there to unload the pipe. The practice was to place braces between the .gates so as to firmly hold the three-foot space between the ends of the tiers of pipe. Following the opening of the particular car and following the accident, the presence of gates, braces and metal bands were noted and they were in such position to indicate that the particular custom mentioned was used to load this car. The gates and braces were, however, broken and down, the metal bands were loose, the tiers of pipe had run together at the door and the pipe was jammed up, with certain of the pipe being broken.
Now, as heretofore indicated, it is necessary, in order to sustain a verdict- for plaintiff, to find support for an inference that the alleged mishandling of the car by defendant during switching operations so destroyed the stability of the load that the pipe became loosened and misplaced whereby one or more pieces thereof would roll out of the car door when it was opened. But, here, there is no direct evidence to sustain such an inference. *289 There is no proof whatever as to the condition of the load just before the switching operations of the defendant. In fact, there was no proof that, upon the loading of the car, the tiers of tile pipe were uniformly and regularly piled; that the tiers were properly braced and secured; that the braces were adequate and sufficient in number; or, that the metal bands were tightened and secured. Lacking direct evidence as to the condition of the load prior to the handling of the same by defendant, there is no right to draw an inference that its switching operations caused instability in the load. Nor, do we have the right to suppose or infer proper loading and proper handling prior to the switching by defendant, for the purpose of supporting an inference that the defendant’s alleged negligence caused the accident. To be acceptable to support a finding of fact, an inference must be based, not upon supposition but upon direct evidence of facts and circumstances. (Lopez v. Campbell, 163 N. Y. 340; Ruppert v. Brooklyn Heights R. R. Co., 154 N. Y. 90.)
‘ ‘ Every inference must stand upon some clear, direct evidence, and not upon some other inference or presumption.” (Lamb v. Union Ry. Co., 195 N. Y. 260, 266, per Chase, J.)
The decision of Scharff v. Jackson (216 N. Y. 598) is pertinent and decisive. The plaintiff there was injured by bags of cement falling upon him from a pile in a storehouse, while he was engaged in taking bags from such pile and loading them on a truck, and he claimed that the floor on which the bags were piled sagged because it was loaded too heavily and vibrated when a truckload of cement passed over it, thereby causing the bags to fall. The court held (pp. 601-602):
“ The evidence does not indicate how the bags that fell upon plaintiff were piled, nor how they fell, nor how many fell. The fall may have been due to improper piling or the pile may have been rendered insecure by plaintiff and his helper when they got out the other bags of cement.
‘ ‘ Plaintiff cannot recover if the accident may, with equal reason, be accounted for on another theory than that the bags fell because the floor sagged when heavy loads were piled on it and vibrated when heavy bodies went over it. It is not enough to show that the condition of the floor might have caused the bags to fall. The burden is upon the plaintiff to establish that the condition of the floor did cause the bags to fall. This fact, like any other, may be shown by circumstantial evidence. The plaintiff makes positive proof of the shaky floor and of the accident. But is the inference that the condition of the floor caused the accident the only one that can fairly and reasonably be drawn *290 from these facts ? ‘ The plaintiff must fail if the evidence does not show that the injury was the result of some cause for which the defendant is responsible. ’ (Ruppert v. Brooklyn Heights R. R. Co., 154 N. Y. 90, 95.) * * * Plaintiff must sustain a theory of cause and effect irreconcilable with any other theory than that his injuries were directly and proximately caused by reason of defendant’s negligence. (Lopez v. Campbell, 163 N. Y. 340, 347.)
‘ ‘ Without more definite evidence of the condition of the pile of bags of cement immediately before it fell and the manner of the fall, which shall negative the present possible inference that plaintiff himself left the pile insecure and top-heavy, so that it fell solely of its own weight, plaintiff fails to establish that defendant’s negligence with regard to the condition of the floor was a contributing cause of his injuries. ’ ’
The plaintiff here has failed to present evidence sufficient to support a finding that his injuries were caused by the alleged negligence of the defendant. And, in any event, upon further reflection, I am of the opinion that the plaintiff was guilty of contributory negligence as a matter of law barring recovery against the defendant. He and his co-worker, knowing the nature of the load and realizing that there was danger of one or more pipes falling out on the opening of the door, opened it part way and looked in. The plaintiff gave conflicting testimony as to how far the door was opened at first, but, assuming that, as claimed by his attorney, the door was opened only four to five inches in the first instance, the plaintiff either did not look or did not exercise due care in looking in to see if it was safe to fully open the door. If he looked in and did not see what, by the reasonable use of his senses he should have seen, he was negligent. (Weigand v. United Traction Co., 221 N. Y. 39; Dolfini v. Erie R. R. Co., 178 N. Y. 1.) ¡Realizing, as he did, the possibility of danger, if he was not able on the opening of four to five inches, to see into the car sufficiently to ascertain whether or not the load was secure and safe, he would be put on guard and cannot claim momentary forgetfulness as an excuse for his subsequent actions during the opening of the door.
The door was a sliding one with the handle in the middle, and, according to plaintiff’s co-worker, called by plaintiff as a witness, and not disputed, it was customary practice in opening the door of a car with such a load to “ go with the door ”, that is, to keep the door between the one opening it and the load. This, the plaintiff did not do but, as the door was *291 being opened, he stood in front of the opening and, he evidently then did not carefully maintain a lookout toward the opening, for he apparently did not see the falling pipe until his co-worker yelled, “ Watch out Under the circumstances, the failure of plaintiff to look and see what was there to see when the door was part way opened and the failure to follow the usual practice of ‘ ‘ going with the door ” as it was being opened constitutes plain neglect on his part to take ordinary precautions for his own safety. He was clearly guilty of contributory negligence.
Defendant’s motions are granted, the verdict for plaintiff is set aside on the ground that it is without adequate support in the evidence, and verdict is directed for defendant dismissing the complaint upon the ground that there is no evidence sufficient to support a verdict for plaintiff.
Settle order on notice.