Charles T. Major, J.
The above-entitled and numbered claims were filed to recover damages for loss of bees, including expense of replacing colonies, etc., allegedly destroyed by aerial spraying of DDT in oil by the State Conservation Department in May, 1953, in an attempt to eradicate or control a serious destructive outbreak of forest tent caterpillars. ■ The spraying was done mostly on “ sugar bushes ” or sugar maple trees in St. Lawrence, Lewis and Jefferson Counties.
The 'spraying was authorized by section 58 of the Conservation Law. It was a governmental function carried on within the police power under the Constitution for the general welfare. These claims are based on negligence. Consequently, the State’s immunity has been waived, and the motions of the Attorney-G-eneral for a dismissal of the claims on such grounds are denied.
The State objected to the receipt of evidence on the anticipated amount of honey to be produced. While, under the decision herein, it is unnecessary to pass on this question, nevertheless, the court is of the opinion that such evidence as to amount of honey which the bees would produce and the value thereof, was improperly admitted because such evidence was entirely too speculative. Honey production depends on many things, including weather, crops, care and the length of the hazardous life of the bee, which is limited in any event. This is not the proper measure of damage. The measure of damage was the value of the damage to the bee colonies, plus damage to honey, wax or *49 other food in existence at the time, and used or destroyed as a result of negligence found to be a proximate cause.
The proof herein is based on circumstantial evidence. While it is a well-established rule of law that circumstantial evidence may support a judgment, it is required that inferences of negligence and proximate cause may be the only ones which can fairly and reasonably be deducted from the facts. (Boyce Motor Lines v. State of New York, 280 App. Div. 693, affd. 306 N. Y. 801; Tomasetti v. State of New York, 203 Misc. 297, affd. 283 App. Div. 837.)
Circumstantial evidence consists in reasoning from facts which are known or proved, to establish such as are conjectured to exist; but the process is fatally vicious if the circumstances from which we seek to deduce the conclusions depend upon conjecture itself. (People v. Kennedy, 32 N. Y. 141; People v. Harris, 136 N. Y. 423; Baulec v. New York & Harlem R. R. Co., 59 N. Y. 356; Gerdau Co. v. Bowne-Morton’s Stores, 208 Misc. 748; Ruppert v. Brooklyn Hgts. R. R. Co., 154 N. Y. 90; Collins v. Spencer & Sons Corp., 215 App. Div. 243.)
Where the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was a result of one cause or the other, claimants cannot have a recovery since they have failed to prove that the negligence of the defendant caused the injury. (Ruback v. McCleary, Wallin & Crouse, 220 N. Y. 188; Lopez v. Campbell, 163 N. Y. 340; Moscato v. Prince Line, 164 App. Div. 412.)
The burden of proof is upon the claimants. They have failed in this burden as further set forth in the findings of fact and conclusions of law as marked, made and filed herewith. The claims are dismissed.