MATTHIAS RUPPERT, as Administrator of JOSEPH RUPPERT, Deceased, Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

1. CIRCUMSTANTIAL PROOF. In order to prove a fact by circumstances there should be positive proof of the facts from which the inference or conclusion is drawn. The circumstances themselves must be shown and not left to rest in conjecture, and when shown it must appear that the inference sought is the only one which can fairly and reasonably be drawn from these facts.

2. NEGLIGENCE — CONNECTION OF DEFENDANT WITH CAUSE OF INJURY. To entitle the plaintiff to recover in an action for a personal injury, the evidence must show that the injury was the result of some cause for which the defendant is responsible. If, upon the testimony, it is as probable that the injury resulted from the act of another as from that of the defendant, the plaintiff cannot recover.

3. OBSTRUCTION IN STREET — UNCERTAINTY AS TO PARTY RESPONSIBLE. A recovery against a street railroad company for a personal injury caused by a paving stone lying upon a street near the railroad track is not warranted by proof that the defendant was paving between its rails and carting stones for the purpose, where it also appears that the stone in question differed in kind from those used by the defendant and was of the same kind as those being used by other parties in paving streets in the vicinity, and which they carted over the street in question.

*Ruppert* v. *Brooklyn Heights R. R. Co.*, 89 Hun, 604, reversed.

(Argued June 24, 1897; decided October 12, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, entered August 3, 1895, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for the death of plaintiff's intestate alleged to have been occasioned by the negligence of defendant.

The facts, so far as material, are stated in the opinion.

*Thomas S. Moore* for appellant. The proof offered by the plaintiff did not contain facts from which negligence on the part of the defendant could be legitimately inferred. (*Hea-*

*ney* v. *L. I. R. R. Co.*, 112 N. Y. 122; *Dobbins* v. *Brown*, 119 N. Y. 188; *Riordan* v. *O. S. S. Co.*, 124 N. Y. 655; *Murphy* v. *Hays*, 68 Hun, 450; *Reiss* v. *N. Y. S. Co.*, 128 N. Y. 103; *Cosulich* v. *S. O. Co.*, 122 N. Y. 118; *Sheldon* v. *H. R. R. R. Co.*, 14 N. Y. 221; *Crist* v. *E. R. Co.*, 58 N. Y. 638; *Babcock* v. *F. R. R. Co.*, 140 N. Y. 308; *Flinn* v. *N. Y. C. & H. R. R. R. Co.*, 142 N. Y. 11; *Frace* v. *N. Y., L. E. & W. R. R. Co.*, 143 N. Y. 182.) In the doctrine of circumstantial evidence, it is equally essential that the facts exclude other inferences as that they should point to a particular conclusion. (*People* v. *Harris*, 136 N. Y. 429; *People* v. *Kennedy*, 32 N. Y. 146; *Sheldon* v. *H. R. R. R. Co.*, 14 N. Y. 221; *Crist* v. *E. R. Co.*, 58 N. Y. 638; *Babcock* v. *F. R. R. Co.*, 140 N. Y. 308.)

*Henry A. Monfort* for respondent. The evidence upon the part of the plaintiff was sufficient to establish the defendant's responsibility for obstructing the street by the paving stone occasioning the injury. (*Field* v. *N. Y. C. R. R. Co.*, 32 N. Y. 339; *Sheldon* v. *H. R. R. Co.*, 14 N. Y. 218.) The court did not err in allowing proof tending to show that the defendant was responsible for the loose paving block in the street, inasmuch as it allowed such stones to fall from its wagons at or near the place where the deceased was thrown from his wagon, shortly previous to that occurrence. (*Sheldon* v. *H. R. R. R. Co.*, 14 N. Y. 218; *Hinds* v. *Barton*, 25 N. Y. 544; *Field* v. *N. Y. C. R. R. Co.*, 32 N. Y. 339; *Webb* v. *R., W. & O. R. R. Co.*, 49 N. Y. 424; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 72 N. Y. 26.)

O'BRIEN, J. The plaintiff's son and intestate, who was about twenty-two years old, was killed on the 7th of August, 1893, while driving a team, hitched to a loaded wagon, through Grand street, which is occupied by the tracks of the defendant's railroad. The deceased was driving the team, seated upon an elevated spring seat in the front part of the wagon, and when turning off from the railroad track one of the front

wheels of the wagon came in contact with a paving stone in the street near the track, producing a jolt of the wagon which threw the deceased to the ground when one of the hind wheels passed over his body resulting in his death.

The presence of this stone in the street is assumed to have been the cause of the accident, and the judgment in this case rests upon no other ground than that the defendant negligently placed or left this stone in the street.

There is no question in the case with respect to the defendant's right to have its tracks in the street, nor as to the manner of operating the railroad. The simple issue of fact was whether the defendant had negligently placed or left an obstruction in the highway which was the proximate cause of the injury. This question was submitted to the jury and a verdict was found for the plaintiff. The only question presented by this appeal is whether there was any evidence to warrant a finding of negligence against the defendant.

The plaintiff's witnesses described the stone which came in contact with the wheel of the wagon as a granite paving block of light color, about one foot long, five or six inches wide, and about the same thickness.

The complaint alleges that the injury occurred in consequence of the negligence of the defendant in obstructing the highway with one of the granite paving blocks. There can be no doubt upon the evidence that the defendant was engaged in repaving the street between the rails about the time of the accident, and that the stone for that purpose was carted over Grand street, at the point where the accident happened, in the defendant's carts, by the defendant's servants. But it is equally clear upon the evidence that the defendant used no granite blocks for that purpose, but only cobblestones and Belgian paving blocks of a dark blue color. The granite blocks cost $75 per thousand, while the Belgian blocks cost but $11 per thousand, and the evidence in the case on the part of the defendant is quite clear, and substantially uncontradicted, that it did not use any of the more expensive stone to pave between the rails.

It is also quite clear upon all the proofs that for some months before the accident the city or private individuals, or contractors for the city, had been engaged in paving streets in the vicinity of the place where the accident occurred, with granite paving blocks similar to the one which came in contact with the wagon wheel, and that such blocks had been conveyed over this street in carts. There was no direct evidence in the case as to where this particular paving block came from, or as to how it came to be in the street, or the parties who left it there. No one had seen it drop from the defendant's carts or had otherwise traced it to the defendant.

The jury was permitted to find that the defendant was responsible for the obstruction solely upon circumstantial evidence. The circumstances were, that the defendant was engaged in paving between the rails, and was obliged to convey the materials for that purpose. It was absolutely necessary in this case to prove two facts before the defendant could be adjudged liable for the result of the accident. These facts were: (1) That the defendant or its servants produced the obstruction by allowing the stone to fall from the carts or by placing it there or leaving it there; (2) the mere fact that it dropped from some of the carts in use by the defendant for drawing the paving stones would not, standing alone, make out the case. The plaintiff was also bound to show that this resulted from careless or improper loading, or some other careless or negligent act of the defendant's servants, since it had a perfect right to use the highway for the purpose of conveying the stones to the point where they were used. It is entirely true that a material fact in a civil or criminal action may be established by circumstantial evidence, but the circumstances must be such as to lead fairly and reasonably to the conclusion sought to be established and to exclude any other hypothesis fairly and reasonably. It has been said that circumstantial evidence consists in reasoning from facts which are known or proved, in order to establish such as are conjectured to exist, but the process is fatally vicious if the circumstance from which we seek to deduce the conclusion

depends itself upon conjecture. (*People* v. *Kennedy,* 32 N. Y. 141.)

In order to prove a fact by circumstances there should be positive proof of the facts from which the inference or conclusion is to be drawn. The circumstances themselves must be shown and not left to rest in conjecture, and when shown it must appear that the inference sought is the only one which can fairly and reasonably be drawn from these facts. (*People* v. *Harris,* 136 N. Y. 429.)

The only circumstance which the plaintiff proved in this case was that the defendant about the time of this accident was engaged in drawing paving stones over this street, and the inference which is sought to be drawn from that circumstance is that this granite paving block dropped into the highway from one of the carts through the negligence of the defendant's servants. But it appears that while the defendant was so engaged in moving the paving stone it was not using or moving any stone of this character and that other parties were. Hence the reasoning process is defective since it is at least as reasonable to suppose that the stone in question was left in the street by the careless act of the parties who were using and moving this kind of stone as by the defendant who was not. This hypothesis was of course much more reasonable ; and so the question arises whether a verdict based entirely upon such circumstantial evidence should be permitted to stand.

It is a settled principle in the law of negligence which, it has been said, should never be lost sight of, that when the plaintiff's evidence is equally consistent with the absence as with the existence of negligence, the case should not be submitted to the jury since, in such a case, the evidence fails to establish the essential fact. (*Baulec* v. *N. Y. & H. R. R. Co.,* 59 N. Y. 357.)

The jury could, no doubt, have attributed the presence of the stone in the street to the careless act of the other parties who were using granite paving stones with as much reason as they have attributed it to the act of the defendant. The cir-

cumstances would warrant that inference quite as clearly as the other, but the verdict imputes that fault to the defendant against the legal rule which governs the determination of facts upon circumstantial evidence. The case is one, we think, where it appears that the primary cause of the injury proceeded from one of two sources, or was produced by one of two agencies for one of which the defendant might be responsible, but not for the other. The plaintiff must fail if the evidence does not show that the injury was the result of some cause for which the defendant is responsible. If, upon the testimony, it is just as probable that the injury resulted from the act of the other parties engaged in paving as from that of the defendant, the plaintiff cannot recover. (*Searles* v. *Manhattan Railway Co.*, 101 N. Y. 661.)

The testimony in this case subjects the judgment to the operation of this rule, and so, we think, it must be reversed and a new trial granted, costs to abide the event.

ANDREWS, Ch. J., GRAY and HAIGHT, JJ., concur; BARTLETT, MARTIN and VANN, JJ., dissent.

Judgment reversed.