### COLE v. NEW YORK BOTTLING CO.

(Supreme Court, Appellate Division, Second Department. December 21, 1897.)

NEGLIGENCE OF SERVANT—LIABILITY OF MASTER.

While the driver of defendant's wagon was lifting down a box containing bottles, one of them fell to the sidewalk upon which plaintiff was standing, where it broke and scattered about fragments of glass, which cut and permanently injured plaintiff's eye. *Held*, that the occurrence itself, coupled with testimony of the plaintiff that the driver unloaded the box so carelessly as to toss the bottle out, and in the absence of any explanation showing another cause for the accident, justified the imputation of negligence.

Appeal from trial term, Queens county.

Action by Frank J. Cole against the New York Bottling Company. From a judgment on a verdict, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Herbert C. Smyth, for appellant.

Jacob Fromme, for respondent.

WILLARD BARTLETT, J.    There was evidence in this case from which the jury might well find that the plaintiff was injured, while in a public street, by the negligence of a servant of the defendant corporation, in the scope of his employment, while such servant was engaged in unloading Vichy water from one of the defendant's wagons.    The box containing a number of bottles of Vichy appears to have been so pulled and swung about in the process of getting it off the wagon that one of the bottles fell out and struck the ground, bursting simultaneously with a forcible explosion, which sent fragments of glass and metal into the plaintiff's face, scarring his nose, and inflicting injuries upon his right eye, which have permanently impaired his vision.    The testimony as to the manner in which the accident occurred is not so full or satisfactory as could be desired. It does not show exactly how the accident happened.    Nevertheless it suffices to support the inference of negligence on the part of the driver of the defendant's wagon.    The plaintiff was in the street, where he had a right to be, waiting on the sidewalk for the approach of an electric car, on which he desired to take passage.    The defendant's wagon was driven up to the sidewalk near the spot where he was, presumably for the purpose of delivering Vichy water.    The unloading of artificial mineral waters, in boxes containing a number of bottles each, is a familiar process, witnessed every day on the streets of New York and Brooklyn, and one which, as ordinarily conducted, does not involve the fall or breakage of bottles in an explosive manner, scattering dangerous fragments of glass through the air to a considerable height above the pavement.    Such an occurrence, without any apparent cause but the method in which the box is handled, indicates careless handling, and justifies the imputation of negligence, unless an explanation is offered which shows that it was due to some other cause.    No explanation whatever was offered in the present case, but the evidence in behalf of the defendant related wholly to the character and extent of the injuries suffered by the plaintiff.    In Ruppert v. Railroad Co., 154 N. Y. 90, 47 N. E. 971, where the alleged negligence of the defendant was predicated upon the act of its servants in allowing stone to fall from carts into the street, or placing it or leaving it there, thus producing an obstruction, the court of appeals held that the mere fact that stone dropped from some of the carts in use by the defendant would not, standing alone, make out a case, and added:

"The plaintiff was also bound to show that this resulted from careless or improper loading or some other careless or negligent act of the defendant's servants, since it had a perfect right to use the highway for the purpose of conveying the stones to the point where they were used."

The appellant, quoting this language, insists that the plaintiff here has not brought himself within the rule thus laid down.    It seems to me, however that the element which was held to be lacking in the Ruppert Case may be found in the plaintiff's evidence in the case at bar, concerning the circumstances under which he was hurt.    This was the careless and negligent act of the defendant's servant in so unloading the box containing the Vichy water as to toss out the bottle, and dash it onto the sidewalk where the plaintiff was waiting for his

car. In none of the exceptions argued by the appellant do we find any error pointed out which would warrant a reversal of the judgment.

Judgment and order affirmed, with costs. All concur.