MAX CAHN, Respondent, *v.* THE MANHATTAN RAILWAY CO., Appellant.

APPEAL from a judgment rendered in favor of the plaintiff in the Municipal Court of the city of New York, fifth district, borough of Manhattan.

Charles A. Gardiner (M. W. Gallaway, of counsel), for appellant.

Samuel S. Köenig, for respondent.

GREENBAUM, J. The plaintiff, a passenger on the train of defendant's railroad, while in the act of leaving the car to alight, stepped upon a nail, which penetrated the sole of his shoe and entered one of his toes. There was no direct proof that the nail came out of the flooring of the car, unless this fact can be inferred from plaintiff's testimony as follows:

" Q. How was the nail fastened in the floor, do you know? A. I coud not see it on account of the mat lying there, but I felt it when I stepped on it. I am a very heavy stepper, but I could feel it as I pulled it out there, the boards were cracking in the car, the boards must have been rotten in the floor."

The defendant proved that the car was in actual service on the morning of the accident for somewhat upwards of an hour and that before being put in service it had been thoroughly cleaned and inspected and no obstructions found.

It seems quite improbable that the nail should have come from the floor of defendant's car in view of the fact that the point

entered plaintiff's shoe and remained in his shoe, until it was pulled out on the platform by an employee of defendant. There was a matting on the floor and the happening of the accident would be more consistent with the theory that a loose nail had been dropped by some one in the car.

" It is a settled principle in the law of negligence which, it has been said, should never be lost sight of, that when the plaintiff's evidence is equally consistent with the absence as with the existence of negligence, the case should not be submitted to the jury since, in such a case, the evidence fails to establish the essential fact." Ruppert v. Brooklyn Heights R. R. Co., 154 N. Y. 94.

The case at bar seems, too, peculiarly to come within the doctrine also upheld in the Ruppert case, *supra,* that while it is as probable that the injury resulted from the act of a third party as from that of the defendant, the plaintiff cannot recover.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

FREEDMAN, P. J., and GIEGERICH, J., concur.

Judgment reversed and new trial ordered with costs to appellant to abide event.