JONES v. RYAN.

(Supreme Court, Appellate Division.  Second Department.  March 11, 1908.)

1. LANDLORD AND TENANT—INJURIES FROM DEFECTIVE CONDITION OF PREMISES.
   —EVIDENCE—SUFFICIENCY.
      Evidence in an action against a landlord for the death of plaintiff's in-
   testate, who fell down a stairway of the tenement house wherein he resid-
   ed, *held* not to warrant a finding that his fall was due to his stumbling·
   over a piece of zinc facing nailed to a step which had become loosened.

2. SAME—EVIDENCE—SUFFICIENCY.
      Where, in an action for the death of plaintiff's intestate, the inference·
   which plaintiff insists shall be drawn from the evidence is no more per-
   missible than the inference that defendant was not negligent, it cannot be·
   said that plaintiff has established by a preponderance of evidence that
   defendant's negligence caused the death.

3. SAME—CONTRIBUTORY NEGLIGENCE.
      Evidence in an action for the death of plaintiff's intestate, ·who fell·
   down a stairway of the tenement house wherein he resided, *held*·not to·
   warrant a finding that decedent was in the exercise of due care.

4. DEATH—PRESUMPTION AS TO FREEDOM FROM CONTRIBUTORY NEGLIGENCE.
      Though on accidental death, there being no eyewitnesses, slight evidence·
   may suffice to show that decedent was in the exercise of due care, there
   still must be some evidence from which that inference may be drawn ;.
   there being no presumption that he was free from contributory negligence..
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, §§ 75–78.]

Appeal from Trial Term, Kings County.

Action by Margaret Jones, administratrix, etc., of James Jones,.
deceased, against Catherine A. Ryan.  From a judgment for plain-
tiff and an order denying a new trial, defendant appeals.  Reversed,.
and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, MILLER,.
and GAYNOR, JJ.

Henry H. Bowman (Harold H. Bowman, on the brief), for ap-
pellant.

Melville J. France, for respondent.  ·

MILLER, J.  The defendant appeals from a judgment and or-
der denying a motion for a new trial in an action brought to re-
cover damages for the death of the plaintiff's intestate, alleged to·
have been caused by the defendant's negligence.  The deceased oc-
cupied rooms on the third floor of a tenement house owned by the
defendant.  His death resulted from a fall down the flight of steps
leading from the hallway on the second floor to the entrance hall,
and it is alleged by the plaintiff that the accident was due to the
defendant's negligence in not maintaining a light in the hallway on
the second floor as required by the statute (chapter 334, p. 908,.
Laws 1901, § 82), and in suffering the stairs to be out of repair. ·
The evidence showed that there were rubber mats with a zinc fa-
cing nailed to each step, the zinc extending back from the edge of
the step about four inches, and the plaintiff's evidence tended to
show that on the fifth or sixth step from the top the zinc had be-
come loosened so that there was a half-inch space between the zinc

and the wood. The height between the beams of the entrance floor and the second floor was 12 to 13 feet. There were 18 or 19 steps in the staircase. Commencing with the fifth step from the bottom the staircase curved to the left as one descended, the steps forming the curve being 7½ inches wide at the railing and 14 inches wide at the broader end next to the wall. No one saw the accident, and the deceased never recovered consciousness. The attention of three people was attracted by the sound produced by the fall. They went to the hall at once and found the deceased lying at the foot of the stairs, with his head near the newel post. One witness heard the deceased descending the stairs to the second floor. She testified:

"My attention was attracted to the fact that somebody was going downstairs because he was whistling going downstairs, and he happened to run down the flight overhead, coming down fast, like as if he was in a hurry, and he was whistling."

She also expressed the opinion that the deceased had reached the fifth or sixth step from the top of the last stairway when she heard the ejaculation "Oh!" and the noise of the fall. But it is clear from her testimony that she had not observed sufficiently to do more than hazard a guess respecting the step from which the deceased fell. There was a dim light in the entrance hallway which lighted the stairway sufficiently to enable persons at the top of the stairway indistinctly to see the body of the deceased at the foot. I have detailed all of the circumstances that shed any light upon the cause of the unfortunate accident, and we are confronted with the question whether there was sufficient proof that the accident was caused by the defendant's negligence, and that the deceased was himself free from contributory negligence.

Was there sufficient evidence to warrant the jury in inferring that the deceased fell from the sixth step from the top and that the fall was due to his stumbling against or catching his foot in the loosened piece of zinc? I think the expression of opinion by the witness who heard him coming down the stairs must be rejected for not being the statement of any fact observed by her. She does not pretend that she attempted or was able to note the steps taken by the deceased. She says she was washing dishes in her kitchen which opened into the hallway from the second floor. She heard the deceased whistling and running down the stairs above, and soon afterward heard an ejaculation and the noise of a fall. From this she guesses that he had reached the fifth or sixth step of the last stairway when he fell. Moreover the defect, as it is described, was much more likely to cause one to trip ascending than descending the stairs. The rubber mat, with the zinc facing, extended eight inches back from the edge of the steps. Nothing disclosed by the plaintiff's testimony indicated that it was at all likely that one descending would catch either heel or toe in this mat. The plaintiff's testimony does not disclose that there was any space between the zinc and the rubber. I do not perceive how one descending the stairs could catch his foot in the space between

the zinc and the wood at the edge of the step. We know that the deceased fell down the stairs—not an uncommon occurrence. The cause of the fall is left to conjecture. Even though a defect were disclosed which might have caused the fall, it would still be just as likely that the deceased stumbled and fell from some other step. In fact, the position of the deceased after the fall, in view of the curve in the stairs at the bottom, might tend to indicate that the fall was from a lower point than the defective step. We may guess that the deceased, in some undisclosed manner, caught his foot in the loose zinc; we may guess that in his haste he stumbled, as people frequently do descending stairs; we may guess that he fell from the sixth step, and we may guess that he fell from a point lower down. But however many inferences may be possible, it does not seem that the one which the plaintiff insists shall be drawn is any more permissible than another. Under such circumstances it cannot be said that the plaintiff has established by a preponderance of evidence that the defendant's negligence caused the casualty. Ruppert v. Brooklyn Heights R. R. Co., 154 N. Y. 90, 47 N. E. 971.

Moreover, no circumstance is disclosed warranting the inference that the deceased himself exercised due care. Although we do not say, as matter of law, that it is negligence to run down a dimly lighted stairway, whatever evidence there is in the record tends to show want of care. The rule in this state is that there is no presumption, in the absence of evidence, that the deceased was careful. McSweeney v. Erie Railroad Co., 93 App. Div. 496, 87 N. Y. Supp. 836; Wiwirowski v. L. S. & M. S. R. Co., 124 N. Y. 420, 26 N. E. 1023. While it is true, as the learned trial judge charged the jury, that in case of the death of the injured person, there being no eyewitnesses of the occurrence, slight evidence may suffice, there still must be some fact or circumstances proven from which an inference may be drawn that the deceased exercised due care. For cases in which slight proof was held to suffice, see Hart v. Hudson River Bridge Company, 80 N. Y. 622; Galvin v. Mayor, 112 N. Y. 223, 19 N. E. 675; Rodrian v. N. Y., N. H. & H. R. R. Co., 125 N. Y. 526, 26 N. E. 741; Fordham v. Gouverneur Village, 160 N. Y. 541, 55 N. E. 290; Schafer v. The Mayor, 154 N. Y. 466, 48 N. E. 749; Noble v. N. Y. Central & H. R. R. Co., 20 App. Div. 40, 46 N. Y. Supp. 645; Brush v. City of New York, 59 App. Div. 12, 69 N. Y. Supp. 51. But in each one of those cases, either the character of the accident or some of the surrounding circumstances tended to show either the exercise of some care on the part of the deceased, or that, if exercised, it would have been unavailing. For cases in which there was a total failure of proof, see Bond v. Smith, 113 N. Y. 378, 21 N. E. 128; Wiwirowski v. L. S. & M. S. R. Co., supra; Wieland v. Delaware & Hudson Canal Co., 167 N. Y. 19, 60 N. E. 234, 82 Am. St. Rep. 707. All we know about the movements of the deceased is that he was hurrying down the stairs, that somewhere on the last flight he fell, and was almost instantly killed. It seems to me impossible to hold that there was any proof of the

exercise of any care whatever on his part, and that the verdict in this case cannot be permitted to stand unless the rule that the plaintiff must prove freedom from contributory negligence is to be abolished in death cases.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.