MARGARET COLLINS, as Administratrix, etc., of PATRICK J. COLLINS, Deceased, Respondent, v. THE CITY OF NEW YORK, Appellant.

Second Department, December 20, 1918.

Municipal corporations — city of New York — negligence — action for death of person found on sidewalk suffering from fractured skull — sufficiency of notice of claim — evidence as to accumulation of ice upon sidewalk — proximate cause — allowance of inferences unavoidably flowing from conditions discovered after accident resulting in death.

In an action against the city of New York to recover for the death of plaintiff's husband, it appeared that the deceased was seen about seven o'clock in the evening alighting from a street car and walking in the general direction of the point where he was discovered about half-past

seven sitting or lying in the space between the sidewalk and the curb, but there was no evidence as to the direction in which his body lay or as to how he came to be in the position in which he was found. The roadway of the street was covered with ice, the weather was very cold and a high wind was blowing at the time. The deceased was taken to his house nearby, where he died three hours later, and the next morning it was discovered that death was caused by a fracture of the skull.

*Held,* that a notice of claim served upon the city was sufficiently definite to establish the point where the deceased was found;

That evidence introduced by plaintiff as to accumulations of uneven ice upon the sidewalk and as to the time during which such conditions prevailed was sufficient to require submission of the question of reasonable safety and negligence on the part of the defendant in that regard to the jury.

But the judgment in favor of the plaintiff should be reversed because there is not sufficient evidence that said conditions were the proximate cause of the injuries resulting in the plaintiff's death.

While in cases resulting in death with no witnesses to the happening of the accident, the courts have permitted inferences which unavoidably flow from conditions discovered afterwards, the verdict for plaintiff may not be sustained when the proof is such that it is equally probable that the accident might have happened from some cause for which the defendant was not responsible.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 25th day of March, 1918, upon the verdict of a jury for $4,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

About half-past seven o'clock in the evening of March 17, 1916, plaintiff's intestate husband, a man about forty-two years of age, was found upon the southerly sidewalk of Crown street near the southeast corner of Crown street and Franklin avenue, Brooklyn, in a dazed or semi-conscious condition. The three men who discovered him testified, one of them, that he was sitting up at the time he was found, and the others that he was lying face to the ground with his hands stretched forward. The three witnesses testify that he was on the sidewalk and on a dirt space between the sidewalk and the curb, about seven feet from the wall of the building on the corner. He was carried or assisted to his home on Crown street distant some 200 feet from the

Second Department, December, 1918. [Vol. 185.

point at which he was discovered. The plaintiff testified that the family did not realize that anything was the matter with him. He went to bed immediately, and died three hours later without the attendance of a physician. The next morning one of the coroner's physicians examined the body and discovered a wound over one of the eyes and that the skull had been fractured back of the ear, the latter injury causing death. No witness was produced to testify how the deceased came to sit or lie on the sidewalk, or whether he slipped or fell, or was blown off his feet by a high wind prevailing; nor is there any evidence as to the point at which he lost his equilibrium. The witness who discovered him could not tell in what direction his feet were lying when he was found on the sidewalk, or on the dirt space between the sidewalk and the curb, nor did they know whether he had moved or rolled after falling, if he did fall, prior to the time they reached him. The witness who saw deceased last before his discovery about half-past seven o'clock by the three men who brought him home, was a friend and neighbor of deceased, who saw him alight from the front platform of a Franklin avenue car at Crown street between half-past six and seven o'clock the same evening. This witness testified that he spoke to deceased, who made some jocular remark concerning the holiday, St. Patrick's day. The witness boarded the rear platform of the same car from which deceased had alighted, the car being at a standstill, and he testified that he observed deceased walking in a southeasterly direction, " catecornered," across Franklin avenue and Crown street, going in the general direction of the point where he was afterwards found. The witness said that as he observed deceased at that time he was walking slowly, steadily and straight in his usual way of walking. It was about 150 feet from the place where the witness accosted deceased across to the stables opposite which deceased was found, and the witness testified that he saw him walk towards the stable and get on the curb. Deceased was a laborer earning twelve dollars per week, he left his wife, the plaintiff, and four children by her, one born after his death, and three children by a former wife. At the time of the trial the four younger children were from eighteen months to twelve years

of age. The United States weather observer testified that the day had been cold, the temperature ranging from nine to twenty-six degrees, that it was an unusually windy day, the wind from the northwest, varying from thirty-five to fifty-seven miles an hour for the entire twenty-four hours. The plaintiff introduced evidence showing a lumpy and uneven accumulation of ice upon the sidewalk upon the south side of Crown street, existing for some time prior to the accident. The jury found a verdict for plaintiff in the sum of $4,000, upon which she has entered judgment for $4,649.80.

*William B. Carswell* [*William P. Burr*, Corporation Counsel, with him on the brief], for the appellant.

*Patrick E. Callahan*, for the respondent.

PER CURIAM:

We think the notice of claim served upon the city in this case was sufficiently definite. (*Beyer* v. *City of North Tonawanda*, 183 N. Y. 338.) While the point where deceased was found was not at the exact intersection of the easterly side of Franklin avenue with the southerly side of Crown street, still it was upon the Crown street side of the corner building and this sidewalk was sufficiently identified in the notice. The evidence introduced by plaintiff as to accumulations of uneven ice upon the sidewalk, and as to the time during which such conditions prevailed, was, in our opinion, sufficient to require submission of the question of reasonable safety, and negligence on the part of defendant in that regard, to the jury. But we are constrained to reverse the judgment for the reason that there is no sufficient evidence that these conditions were the proximate cause of the injuries which caused the death of plaintiff's intestate. This was one of the grounds urged by defendant on its motion for nonsuit. Deceased was seen about seven o'clock in the evening alighting from a south-bound Franklin avenue car at Crown street, and walking diagonally in a southeasterly direction, across Franklin avenue and Crown street in the general direction of the point where he was discovered about half-past seven, sitting or lying on the southerly side of Crown street on the flagged walk and in the space between the flagged walk and

the curb.   There was no evidence as to where his feet were, or in what direction his body lay.   There is no evidence as to how he came to be in the position in which he was found — whether he fell, or tripped on the curb, or slipped on the ice, or as to where he fell or slipped or tripped.   There is nothing to show that he did not move or change his position after his mishap.   The roadway of Crown street was covered with ice, the weather was very cold and a very high wind was blowing at the time.   While in cases resulting in death with no witnesses to the happening of the accident, the courts have permitted inferences which unavoidably flow from conditions discovered afterwards, there is no case which goes to the extent of holding that a verdict for plaintiff may be sustained when the proof is such that it is equally probable that the accident might have happened from some cause for which the defendant was not responsible.   (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90; *Jones* v. *Ryan*, 125 App. Div. 282; *Moscato* v. *Prince Line, Limited*, 164 id. 412.)

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

JENKS, P. J., MILLS, RICH, PUTNAM and KELLY, JJ., concurred.

Judgment and order reversed and new trial granted with costs to appellant to abide the event.