MARGARET MAHER, as Administratrix, etc., of PHILIP MAHER, Deceased, Respondent, *v.* MADISON SQUARE GARDEN CORPORATION, Appellant, Impleaded with Another.

*Negligence — action to recover for death of plaintiff's intestate — intestate, boy, was drowned in swimming pool — judgment in favor of plaintiff affirmed.*

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the New York county clerk's office December 8, 1924 (as amended by an order entered December 30, 1924), upon the verdict of a jury for $4,167.30, and also from an order entered December 9, 1924, denying a motion for a new trial.

Judgment and order affirmed, with costs. No opinion. Present — Clarke, P. J., Dowling, Merrell, McAvoy and Martin, JJ.; Clarke, P. J., and Martin, J., dissenting.

MARTIN, J. (dissenting): The plaintiff's intestate, Philip Maher, a boy fourteen years of age, was on June 20, 1921, drowned in a swimming pool conducted for profit by defendant in the old Madison Square Garden, New York city. This boy went there with two others, one about his own age and another two years older. A series of steps at the Madison avenue end led down to the water, about two feet deep at that point but shelving toward the center to a depth of five and one-half feet at a point forty-two feet from the end of the tank. Thence, for a distance of twenty-six feet, there was a uniform depth of five and one-half feet, when there occurred an abrupt drop across the entire tank to fifteen feet in depth. This was about at the center where the diving boards were located. The boys waded out close to the uptown side of the tank until the water was about up to their waists, Philip Maher paddling about and endeavoring to learn to swim. They remained there for twenty minutes when the other two boys went over to watch an exhibition of high diving, leaving their companion still trying to learn to swim, in water about up to his waist. This appears to have been the last seen

of him alive. The pool was crowded with people, adults and children. After the two boys who had been with the deceased tired of watching the diving, they went home, concluding that Philip Maher had left the building. Late that night the deceased's mother caused inquiries to be made and a search of the pool resulted in the body being found at the bottom of the fifteen-foot section, toward the Twenty-sixth street side. It appears from the evidence that defendant kept two life guards continuously on duty, one on each side of the tank at the diving boards, in a position where they could observe the bathers. It was also shown that there were signs calling attention to the fifteen-foot depth at the diving boards. The trial court sent the case to the jury to determine whether the defendant provided a sufficient number of attendants to supervise the bathers and whether it took proper steps to mark the safety limits or to provide for the rescue of bathers. To this exception was duly taken. The jury rendered a verdict for plaintiff which the trial justice sustained in an opinion, on the ground that lack of signs designating the various depths and the failure to provide more life guards constituted sufficient basis on which to predicate liability for negligence. The appellant contends that there was no evidence in the case to justify the trial court in submitting the case to the jury, and that, even if the issues referred to were properly submitted for the jury's consideration, there was no evidence showing either the lack of signs marking the depths of the water or the absence of additional life guards to have been in any way the proximate cause of the death of the deceased. In an action for negligence it is essential to prove facts from which it may be deduced that the injury or death was the result of negligence. This may be done by direct evidence or by proof of facts from which such an inference may follow. In *Laidlaw* v. *Sage* (158 N. Y. 73, 101) the court said: " The plaintiff must fail if the evidence does not show that the injury was the result of some cause for which the defendant is responsible, and where the proof is by circumstances, the circumstances themselves must be shown and not left to rest in conjecture, and when shown it must appear that the inference sought is the only one which can fairly and reasonably be drawn from the facts. (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 94.) " We are unable to find any evidence from which to conclude that the death of this boy was due to negligence on the part of the defendant. No one appears to know how he met his death. The boys who were with him are unable to account for his disappearance and do not know whether he was drowned in three or in fifteen feet of water. The only evidence on that point is that his body was found in about fifteen feet of water. It is indeed an assumption to charge the defendant with negligence on the ground that it kept an insufficient number of guards. The pool was crowded with people at the time, none of whom observed this boy in difficulty while in the pool. The absence of guards, assuming there was proof of the absence of guards, was not shown to be the proximate cause of the death. No negligent act can be pointed out which is in any manner satisfactorily connected with the accident. It may have resulted from a cramp occurring while the boy was in shallow water. There is no reason to conclude that guards, however numerous, could have prevented this drowning, for evidently none of the numerous persons in the tank observed any unusual circumstances. No one knew the boy had been drowned until several hours after his companions had returned to their home. We are of the opinion that the evidence in this case does not meet the requirement by establishing that

the alleged negligence was the proximate cause of the injury or death. Negligence on the part of the defendant must be proved and may not be founded on speculation or guess. The judgment and order should be reversed, with costs and the complaint dismissed, with costs. Clarke, P. J., concurs.