FLOYD P. BREESE, Respondent, v. THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.— This is an appeal from a judgment and from an order denying defendant's motion for a new trial. The action was upon a policy of insurance issued by the defendant to the plaintiff insuring the plaintiff in a weekly indemnity of seventy-five dollars against bodily injury sustained through accidental means and resulting directly, independently and exclusive of all other causes in total disability. The plaintiff claims that on the 6th day of December, 1931, he sustained a bodily injury through accidental means which resulted directly, independently and exclusive of all other causes in total disability and immediately

and continuously prevented plaintiff from performing each and every duty pertaining to his occupation, that of a physician and surgeon, from the date of the accident to and including the ninth day of March, and it still continues to do so. The policy in question both provided for sickness and accident in different clauses and the company has paid plaintiff the full amount due under the sickness clause of the contract. It was paid and accepted by the plaintiff, who reserves his right to claim indemnities under the accident feature of the policy. The plaintiff, an active physician, thirty-eight years old, whose practice was largely devoted to surgery and X-ray, was in good health on the morning of the accident. It was Sunday. He had dressed in his riding breeches and boots, as he expected to take a horseback ride. While carrying a case of water, consisting of six bottles of three quarts each, besides the case, and which weighed about seventy pounds, from his automobile a short distance into his house, he tripped on a garden hose and immediately was taken with intense pain. Within a short time on the same day he was confined to his bed and for many weeks was under the care of physicians. He has never been able to do any work since. Shortly after the accident when the doctor came in he found the plaintiff thrashing about in bed, screaming and yelling with pain, blue in the face, short of breath and a cold, clammy sweat and practically pulseless. He was not permitted to move or talk for three weeks. He had never had heart symptoms before. It is clear that the plaintiff was suffering from coronary thrombosis. A question of fact resulted from the evidence as to what caused this coronary thrombosis, it being the contention of the plaintiff that it was caused by tripping with the heavy case over the garden hose which caused a tear in some part of the heart resulting in coronary thrombosis. The contention of the defendant is that it was a disease and it was due to disease and not to the accident. An examination of the evidence shows a sharp question of fact which was submitted to the jury, which rendered a verdict in favor of the plaintiff. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.