Mamie Lessig, as Administratrix of the Estate of Benja-
min Lessig, Deceased, Appellant, *v.* The New York
Central Railroad Company, Respondent.

(Argued April 21, 1936; decided May 20, 1936.)

*Jay Leo Rothschild, Robert H. Kilroe* and *Samuel H. Henis* for appellant.

*Kenneth O. Mott-Smith* and *Clive C. Handy* for respond-
ent.

LOUGHRAN, J.  Plaintiff's intestate, in the course of his employment by United Flour Trucking Company, Inc., was removing bags of flour from a yard of the defendant railroad to the nearby warehouse of his employer.  He was pushing a hand truck across a steel runway that connected two freight cars of the defendant standing on parallel railroad tracks.  One of the cars moved, the runway " went at a zigzag," the intestate lost his balance and, falling upon a third rail, was electrocuted.  In this action to recover damages for his death, a verdict for the plaintiff was set aside and the complaint dismissed. We think the case was for the jury.

It was stipulated that the tracks and the third rail were " maintained, operated and controlled " by the defendant and that the freight cars had been placed by its employees. If credited, plaintiff's proof excluded the inference that any activity of fellow-servants of the intestate was a factor in the occurrence.  The freight car moved only a few feet.  No other car moved on either track.  The sole evidence for the defendant was the stipulation: " That each of the cars  *  *  *  was equipped with automatic air brakes and with mechanical brakes which were set by hand.  That chocks were used to block said cars; that said chocks are pieces of wood to be placed on the rails under the wheels of the cars."  As interpreted by the parties, this concession was evidence of no more than a practice of the defendant, for the jury were told, without exception, that there was no testimony that the defendant had " braked " the cars, and that " what it did that morning, we do not know."

Defendant's contention is that the probability that its negligence caused the accident could not reasonably have

been appraised as greater than the probability that the cause was a latent defect in its equipment or was the unlawful act of some unknown person. We think the defendant should not succeed in that argument here, it having failed to offer evidence as to whether the freight cars had been secured in any way.

The entire apparatus was owned by the defendant. It had the sole right of management. The case is, therefore, one in which " the agency which has produced an injury is within the exclusive possession, control and oversight of the person charged with negligence whence, legitimately, flows the inference that if there is any explanation of the accident consistent with freedom from negligence, he ought to be able to give that explanation, and if he does not give it, a presumption arises against him." (*Slater* v. *Barnes*, 241 N. Y. 284, 287.) The applicable doctrine has recently been fully examined in this court. (See *Galbraith* v. *Busch*, 267 N. Y. 230; *Tortora* v. *State of New York*, 269 N. Y. 167; *Bressler* v. *New York Rapid Transit Corp.*, 270 N. Y. 409.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Judgments reversed, etc.