Donald Doernberg, an Infant, by Irving Doernberg, His Guardian ad Litem, and Irving Doernberg, Respondents, v. Fannie Fine and Century Burner Corp., Appellants.— Action by an infant to recover damages for personal injuries sustained because of the negligence of the defendants when a radiator standing in the yard of the premises in which plaintiff was a tenant fell upon him. The infant's father also sues for loss of services and expenses. Defendant Fine,

as owner, contracted with defendant Century Burner Corp. for the installation of an oil burner, and the latter also agreed to turn one radiator around and correct the radiators on the first floor. It is not denied that the radiator was in the yard for about twenty-four hours prior to the accident, but who placed it there is disputed. Plaintiffs obtained judgment against both defendants. Judgment as against defendant Fine unanimously affirmed, with costs, and judgment as against defendant Century Burner Corp. reversed on the law, with costs, and the complaint dismissed as to it, with costs. At the close of plaintiffs' case defendant Century Burner Corp. withdrew, reserving its right to sum up. When plaintiffs rested there was no proof as to who placed the radiator in the yard. While there was evidence from which might be drawn the inferences (1) that the employees of the Century Burner Corp. placed the radiator in the yard; (2) that they placed it in a dangerous position; and (3) when they did so they were acting within the scope of their employment, this proof is insufficient to establish that the Century Burner Corp. is liable. It is a well-settled rule of law that one inference may not be based upon another inference. (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90; *Lamb* v. *Union Ry. Co.*, 195 id. 260.) Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.