ELIZABETH WOLFSON, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Action by beneficiary of a policy of life insurance to recover $5,000, payable in the event insured died through external, violent and accidental means. The trial court directed a verdict for defendant. Judgment affirmed, with costs. The decedent indisputably fell to the ground. The cause of death was vasomotor paralysis induced by shock due to the fall, or by a shock causing the fall. There were no external marks of injury sufficient to cause death. The cause of the fall is not directly established. Whether decedent fell because of ice on the ground or because of an internal or heart condition rests on inference. If the fall was due to the ice and death resulted, defendant would be liable under the policy. If the fall was due to the heart condition, defendant would not be liable. If it be inferred that he fell because of the ice, it would then be necessary to infer from that inference that the fall caused a shock and, in turn, vasomotor paralysis induced by shock, resulting in death. To fasten liability, however, an inference may not be based on an inference; that is speculation in a form not permissible. (*Collins* v. *City of New York*, 185 App. Div. 586, and cases cited therein; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90.) It is common knowledge that one may suffer a shock from an internal condition such as a heart condition, fall and revive, or recover until a recurrent attack is suffered. The appeal from the order is dismissed, without costs. Lazansky, P. J., Hagarty, Carswell and Adel, JJ., concur; Johnston, J., concurs for dismissal of the appeal from the order but dissents from the affirmance of the judgment and votes to reverse and to grant a new trial, with the following memorandum: In my opinion an issue of fact was presented as to whether the insured's death resulted from external, violent and

accidental means or from disease. The insured was forty-two years old, robust and vigorous. He never had been seriously ill, never had complained of heart trouble, and on the day of the accident appeared to be in good health. While no one saw him fall, it appears that the sidewalk was covered with ice, and the jury would be justified in inferring that the condition of the sidewalk was the cause of his fall. He did not die instantly but was assisted to a cab and recognized a friend and gave directions to the taximan as to where he wanted to be taken. Dr. Burstein, a heart specialist, and Dr. Kimbrig, the insured's family physician, called by plaintiff, testified that the fall, which resulted in multiple contusions and abrasions, produced shock, followed by vasomotor paralysis, which caused the insured's death. The autopsy report states the cause of death as coronary sclerosis with myocardial changes, and the medical examiner, called by defendant, so testified, as did Dr. DeGraff, who based his opinion on the findings recited in the autopsy report. Dr. Burstein testified that there was nothing in the autopsy report to substantiate the medical examiner's conclusion that death was due to coronary sclerosis and myocardial degeneration; but that assuming the findings disclosed by the autopsy report to be true, the insured died from vasomotor paralysis resulting from shock following the fall. In view of the conflicting testimony of the experts, a question of fact was presented as to the cause of death. (*MacNair* v. *Commercial Travelers Mut. Acc. Assn.*, 275 N. Y. 630; *Slavin* v. *Metropolitan Life Ins. Co.*, 249 App. Div. 805; *Sagendorf* v. *Prudential Ins. Co. of America*, Id. 687; leave to appeal denied, 273 N. Y. 682; *Breese* v. *Fidelity & Cas. Co. of N. Y.*, 247 App. Div. 850; and *Tromblee* v. *North American Accident Ins. Co.*, 173 id. 174.)