Samuel Jacobs, J.
This is an action grounded in negligence to recover damages to a gasoline powered carloader machine resulting from a fire. Defendant was hired by the plaintiff to make certain repairs to the machine and welding was necessary for such repairs.
The machine was moved by the plaintiff to a point just outside the garage but still within the confines of plaintiff’s premises. While defendant’s employee was using a torch for cutting a metal band, a fire started to his left and somewhat behind him. He ran for an extinguisher but the fire could not be put out and ‘‘ it just burned itself out ’ ’. The plaintiff rested on the theory of res ipso loquitur. The Court of Appeals in Foltis, Inc. v. City of New York (287 N. Y. 108, 114-115) stated: “‘where the instrumentality which produced an injury is within the exclusive possession and control of the person charged with negligence, and such person has exclusive knowledge of the care exercised in the control and management of that instrumentality, evidence of circumstances which show that the accident would not ordinarily have occurred without neglect of s5me duty owned to the plaintiff is sufficient to justify an inference of negligence and to shift the burden of explanation to the defendant. (Slater v. Barnes, 241 N. Y. 284.) ’ ” The evidence showed that at the time the fire occurred the defendant had control of the machine. The defendant showed also that sparks were flying from the torch being used to cut the one-quarter inch band but that no sparks were flying in the direction where the fire started. Defendant infers that the fire could have started by an accumulation of dirt and oil which would require a spark to ignite or that it could have started by gas fumes which could ignite by even an electric spark; spontaneous combustion in either case was ruled out. To hold with the defendant would require that we infer first that there was a gas leak and secondly, that we infer that there was an electric spark which ignited the fumes. This we cannot do; an inference cannot be based upon inference, and, to prove a fact by circumstantial evidence circumstances from which inference is to be drawn must be established by direct proof. (Gerdau Co. v. Browne-Morton’s Stores, 208 Misc. 748; Wolfson v. Metropolitan Life Ins. Co., 262 App. Div. 886.)
*348 We are constrained to hold that the machine being in the possession and control of the defendant, even though temporarily for the purposes of repairs, requires that the defendant be “ charged with negligence whence, legitimately, flows the inference that if there is any explanation of the accident consistent with freedom from negligence, he ought to be able to give the explanation, and if he does not give it, a presumption arises against him ”. (Lessig v. New York Cent. R. R. Co., 271 N. Y. 250, 253.)
The defendant offered no satisfactory explanation which can legally overcome the presumption of negligence. Judgment is therefore granted in favor of the plaintiff and against the defendant in the sum of $496.78, with costs.