■ Rose Lorenzo et al., Appellants, v. Center Kinney, Inc., et al., Respondents.— In a negligence action to recover damages for personal injury, loss of services, etc., the plaintiffs (husband and wife) appeal from a judgment of the Supreme Court, Kings County, entered February 1, 1963 after a jury trial, in favor of the defendants, dismissing the complaint on the merits at the close of plaintiffs' case. Judgment affirmed, with costs. No opinion. Ughetta, Acting P. J., Christ, Brennan and Rabin, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and to grant a new trial with the following memorandum: The plaintiff wife testified that she drove her car into defendants' parking lot and up an incline to a level place in front of an attendant's shack. She stopped the car, took it out of gear and left the motor running. The attendant approached the car and collected the parking fee, for which he gave plaintiff a ticket. He also attached a ticket to the windshield. Plaintiff asked for parking instructions, whereupon the attendant said he would take the car. The *attendant* then opened the door of the car, whereupon plaintiff got out and started walking down the incline toward the street. As she was walking, her own car with no one in it suddenly rolled down and struck her. In my opinion, this testimony was sufficient to establish that the car was standing still, out of gear and on a level surface when defendants' employee assumed exclusive control. As stated in *Lessig* v. *New York Cent. R. R. Co.* (271 N. Y. 250, 253): "The case is, therefore, one in which ' the agency which has produced an injury is within the exclusive possession, control and oversight of the person charged with negligence whence, legitimately, flows the inference that if there is any explanation of the accident consistent with freedom from negligence, he ought to be able to give that explanation, and if he does not give it, a presumption arises against him.' (*Slater* v. *Barnes,* 241 N. Y. 284, 287.)" Plaintiff's testimony, on cross-examination, that she did not apply the emergency brake, is not sufficient to establish contributory negligence as a matter of law. Whether, under all the circumstances, a reasonably prudent person would have applied the emergency brake was a jury question.

■ Jeanette Grossman, Respondent, v. Sidney Grossman, Appellant.— In an action for a separation, the defendant husband appeals from so much of an order of the Supreme Court, Queens County, dated April 15, 1963, as directed him to pay to the plaintiff wife, *pendente lite,* the sum of $50 per week for her support and for the support and maintenance of the child of the parties. Order modified by striking out its first and third decretal paragraphs and by substituting therefor a provision denying plaintiff's motion for support *pendente lite* on condition that the defendant make support payments of $25 per week pursuant to the voluntary arrangement heretofore made between the parties. As so modified, order, insofar as appealed from, affirmed, without costs and without prejudice to an application at Special Term for further relief in the event of a default in the weekly payments of $25. Under all the circumstances, it was an improvident exercise of discretion for the Special Term to direct the payment of temporary alimony at the rate of $50 a week. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.