■ FANNIE F. OLSEN et al., Respondents, v. ST. MARGARET OF SCOTLAND ROMAN CATHOLIC CHURCH, Appellant.— In an action by a wife and her husband to recover damages for personal injury, loss of services, etc., the defendant appeals from a judgment of the Supreme Court, Suffolk County, entered May 10, 1963 after trial, upon a jury's verdict in favor of the plaintiffs. Judgment reversed on the facts and new trial granted, with costs to abide the event. According to plaintiffs' proofs, the female plaintiff, Mrs. Olsen, an invitee in defendant's rectory, sustained her injuries as a result of having tripped on a carpet runner which was on the highly-waxed and slippery floor of a hallway in the rectory; the runner itself slipped as Mrs. Olsen was trying to keep from falling. The plaintiffs claim that the cause of the tripping was a rumpled portion of the runner. There was no direct evidence which would make defendant responsible for the alleged rumpled condition of the runner, or which would support a finding that the runner was rumpled. Plaintiffs rely on circumstantial evidence, namely: that witnesses in the basement just below the hallway heard noises shortly before the accident, from which noises it could be inferred that a certain priest of the defendant church was pulling two boxes of bread on the floor of the hallway; and, on the basis of such inference, plaintiffs seek to have drawn the further inference that the pulling of the boxes caused the rumpling of the runner. Plaintiffs further contend that, even if the rumpling had been caused by someone else, defendant was nevertheless chargeable with notice of such condition. The asserted inferences that the runner was rumpled and that defendant was responsible for such condition are impermissible. An

828

inference may not be based upon another inference (*Ruppert* v. *Brooklyn Hghts. R. R. Co.*, 154 N. Y. 90, 93–94; *People* v. *Lewis*, 275 N. Y. 33, 39; *Leonard* v. *Ashley Welding Mach. & Iron Co.*, 11 A D 2d 1073, affd. 10 N Y 2d 993). Furthermore, there was undisputed proof in plaintiffs' main case that the priest, in bringing the boxes into the building and placing them down in the hallway, did not pass the area where it is claimed the runner was rumpled. Nevertheless, we believe plaintiffs' proofs established negligence prima facie, on the theory that the runner was not secured to the floor and that the floor was slippery (*Braley* v. *Fleming*, 266 App. Div. 1011, mot. for lv. to app. den. 267 App. Div. 764, 291 N. Y. 827; *Piculell* v. *Sargent*, 268 App. Div. 871; *Ordway* v. *Hilliard*, 266 App. Div. 1056). However, the trial court instructed the jury that plaintiffs were not entitled to a verdict in their favor unless they found that the runner was rumpled at the time of the accident. No exception to this instruction having been taken, it became the law of the case. Since there was no evidence upon which such a finding could be made, it follows that the verdict was against the evidence and that, therefore, the verdict must be set aside and a new trial granted. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.